UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ELDEN MACFARLANE,

    Plaintiff,

-against-

CHARLES EWALD, Superintendent
VINCENT F. DEMARCO (Sherriff)
DR. GERACI (Hospital Director)
SERGEANT CURCIE (Badge No. S144)
CHRISTOPHER DEAN (Badge No. 172)
FLOOR SERGEANT (Badge No. 198)
FRANK MELE (Badge No. 1072)
JAMES ZAHN (Badge No. 954)
GEORGE LYNN (No. 200/0888)
DOUGLAS GUBLOSI (Badge No. 1244)

    Defendant(s),

For violations of plaintiff's constitutional rights.

FIRST AMENDED COMPLAINT

Dkt. No. CV10-2877
(JFB)(ARL)

## INTRODUCTION

1) This is a civil action seeking compensatory damages declatory relief and punitive damages against all of the named defendants for acts and omissions under color of law which deprived plaintiff of rights privileges and immunities secured him by the Constitution and Laws of the United States, and of the State of New York.

2) The defendants, while acting in their individual capacities and as officials, employees, agents and servants of the County of Suffolk, State of New York, did capriciously and arbitrarily deprive plaintiff of his right to be free from cruel unusual punishments, his right to be free from assault, and to be free from inhumane and barbaric conditions; all in violation of rights,

privileges and protections guaranteed by the 5th, 8th and 14th Amendments to the Constitution of the United State.

3) Defendants did also, while acting in their individual and official capacities deprive plaintiff of due process of law.

4) Plaintiff sues all defendants in their individual and official capacities.

## JURISDICTION

5) The jurisdiction of this Court is invoked under 28 USC, Sections 1331, 1343, and under 42 USC, Sections 1983, 1985 and 1986. Pendant Jurisdiction is invoked under the Executive Laws of the State of New York.

6) The Eastern District of New York is an appropriate venue under 28 USC 1391(b), in that it is within this district that the claims set forth herein occurred.

## PARTIES

7) Plaintiff is a United States citizen and resident of the State of New York. At all times relevant to this action plaintiff was a pretrial (mental health) detainee detained at the Suffolk County Jail, in the custody and care of the Suffolk County Sherrif's Office Correction's Division, Long Island, New York.

8) Upon information and belief, defendant Charles Ewald, is and was at all times relevant to this action Superintendent of the Suffolk County Correctional Facility. (And, was served a copy

of the original Claim by U.S. Marshall's Office.)

9) Upon information and belief, defendant Vincent E. DeMarco, is and was at all times relevant to this action Sheriff of Suffolk County. (And, was served a copy of the original Claim by U.S. Marshall's Office.)

10) Upon information and belief, defendant Dr. Geraci, is and was at all times relevant to this action Director of the Suffolk County Jail Hospital. (And, was served a copy of the original complaint by U.S. Marshalls.)

11) Upon information and belief, ~~[redacted]~~ defendant George Lynn, is and was at all times relevant to this action Deputy Sheriff Investigator. (And, was served a copy of the original complaint by U.S. Marshall's Office.)

12) Upon information and belief, defendant Christopher Dean is and was at all times relevant to this action a Correction's Sergeant at the Suffolk County Jail. (And, was served a copy of the original complaint by U.S. Marshall's Office.)

13) Upon information and belief, defendant Floor Sergeant, Badge No. 198, is and was at all times relevant to this action a sergeant at the Suffolk County Jail. (And, was served a copy of the original complaint by U.S. Marshall's Office.)

14) Upon information and belief, defendant Sgnt. Curcie, is and was at all times relevant to this action a sergeant at the Suffolk County Jail. (And, <u>has</u> <u>not</u> <u>been</u> <u>served</u> a copy of the original complaint by U.S. Marshall's Office.)

15) Upon information and belief, defendant James Zahn, is and

was at all times relevant to this action a correction's officer at the Suffolk County Jail. (And, has been served a copy of the original complaint by U.S. Marshall's Office.)

16) Upon information and belief, defendant Frank Mele, is and was at all times relevant to this action a corrections officer at the Suffolk County Jail. (And, was served a copy of the original Complaint by U.S. Marshall's Offie.)

17) Upon information and belief, defendant Douglas Gulblosi, is and was at all times relevant to this action a corrections officer at the Suffolk County Jail. (And, was served a copy of the original Complaint by U.S. Marshall's Office.)

**FACTUAL BACKGROUND**

18) Plaintiff, Elden MacFarlane, a retired amry sergeant with a history of mental illness (including PTSD and paranoid schizophrenia), was arrested for the murder of his wife on 10/21/05, and detained for that charge at the Suffolk County Jail's Mental Observation unit.

19) In the first several months of plaintiff's incarceration at said jail, he witnessed many physical abuses of mentally ill inmates by Suffolk County Correction Officers, and hence, made several verbal internal complaints on behalf of inmates who were not mentally stable enough to do so themselves.

20) As a result of plaintiff's regularly speaking out against what he perceived to be injustices, the officers of the mental observation unit labeled plaintiif "P.O.S." (piece of shit); which, upon information and belief, is a label usually reserved for

rapist' and child molesters by Suffolk County corrections staff.

21) As a result of plaintiff's outspokenness in the above regard, plaintiff also endured many threats of future violence, and many verbal abuses from corrections officers.

## FIRST VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS.

22) On June 8, 2006, under the guise of a "shakedown" (cell search), plaintiff suffered the first effects of defendants' capricious and arbitrary acts, described from plaintiff's logs (in part) as follows:

"6/08/06, during a shakedown I am told to go against the bars, which I do. As C.O. 1177 goes thru my cell... 1177 says you are supposed to have only 5 books. I mention... it states in the rule book that you can state rule, policy, regulations without fear of disiplenary action. I was told to shut up. I again tried to mention policy as I know it. I was told to shut up... He came down off the bed... and began to choke me while pushing my head against the bars... I removed his hands from my neck - I then noticed were I was at and where this was at. I raised my hands above my head and said I have PTSD and am not resisting. They all rushed me and I said the whole time I am not resisting... They were twisting both my ankles and punching me in the face and striking me all over. They maced me after the cuffs were on me... Sgnt. Curcie was punching me in the face and calling me fat boy the whole time... the two officers in black and S144 beat me in the hallway in front of the desk... In the elevator... they took turns punching me in the back of my head - reaching around and hitting me in the face. I had a swollen and busted lip, blood in my eyes, bruises all on my face... one of the C.O.s kept opening the elevator so it would not go down stairs and continued to beat me...."

23) On that day, 6/8/06, Disciplinary Report No. 6D0598 was also written against plaintiff, falsely charging plaintiff with (among other things), attempting to assault defendant Sgnt. Curcie, and insolence.

(See Exhibit A, Disc. Report 6D0598.)

24) Plaintiff wrote and mailed an Inmate Grievance on the date

of the above-mentioned incident, complaining of the fact that Sgnt. Curcie, and several other officers, brutally beat plaintiff without provocation, and requesting therein that punitive action be taken against said officers.

(See Ex. B, Inmate Grievance No. R-2006-084.)

25) On June 9, 2006, a disciplinary hearing was held where plaintiff was found guilty of (purportedly) attempting to assault Sgnt. Curcie. He was sentenced to serve 50 days in solitary confinement and to be shackled whenever he left the solitary confinement unit.

(See Ex. A-1.)

26) In an appeal plaintiff again complained of the brutality used against him by defendant Curcie, and two other identifiable officers (badge no.s 1177 and 526); and, further complained that one of the offending officers (badge 526) was attempting to hinder the appeal process through threats and intimidation.

(See Ex. C; pp. I thru V.)

27) The appeal in the above matter was denied on June 12, 2006, claiming that all facility procedures were followed properly.

(See Ex. D.)

28) By letter dated 6/21/06, plaintiff wrote to the Chief of the South Hampton Police Department complaining of the incidents on 6/8/06, and attempting to have formal criminal charges lodged against the offending officers; particularly Sgnt. Curcie, and officers 526, and 1177. No response to said letter was ever received.

(See Ex.s marked E, pp. 1-2.)

29) By letter dated July 3, 2006, plaintiff also wrote to County Executive Steve Levy, complaining of the assault and excessive force used by the Sheriff's department and/or the correction's officers. (Badge Nos. S144, 526, 666 and 1177)(See Exhibit F, pp. 1-4.)

SECOND VIOLATION OF PLAINTIFF'S RIGHTS.

30) On July 18, 2007, plaintiff was again assaulted, tortured and brutalized by Suffolk County Correctional staff, and falsely charged with disciplinary violations. According to plaintiff's log, and grievances, the incidents occurred (briefly) as follows:

About 2 hours after serving dinner... my c.o. called me to the front and told me that the desk lobby c.o. (1072) and the sargent wanted me in the lobby... I waited at the sallyport when c.o. 1072 walked up and asked me what I was doing and had me go off the housing area and wait between the two tiers... 1072 then came and started poking my chest and threatening me... he then hit me and other officers were waiting and started beating me up too.. they shackled and handcuffed me then three c.o.s pulled me up to my knees... while I'm on my knees 1072 was punching me in my face and head while the c.o.s held me...."
(At no time did plaintiff ever pick up any broom and attempt to strike defendant Mele (1072).)

31) As a result of this incident plaintiff was again intentionally charged with a false disciplinary report, charging plaintiff with (among other charges) violating Rules 17.02- interfering with a staff member by refusing to return to his housing area; and Rule 2- Assault, which claims that plaintiff "violated this rule by attempting to strike at this officer with a broom stick."
(See Disc. Report 7D0536, Exhibit G., pp.1-2)

32) Upon information and belief the authors of the above-mentioned report are defendants Frank Mele (1072), and defendant Floor Sgnt.

S198; who both signed the report, but whose signatures are illegible.

(See Ex. G.)

33) As a result of the brutal beating at the hands of the named defendants, plaintiff was rushed out of the jail to Peconic Bay Medical Center, where he was treated for a perforated eardrum, head trauma and assorted injuries.

34) Upon his return from Peconic Bay Medical (7-19-07), plaintiff was served a copy of the (CF-12) Disciplinary Report, No. 7D0536.

35) By grievance dated 7/20/07, plaintiff complained that the disciplinary report served upon him was "inaccurate and completely false document," and that "all charges were fabricated." Plaintiff also complained therein of "the uncalled for unauthorized use of the 'night-stick' (ASP) and multiple strikes to the head... from several c.o.s lead by c.o. 1072."

(See Ex. H, Grievance No. R-2007-122, pp.1-3.)

36) By Grievance dated 7/21/07, plaintiff again complained of the events that lead to the incident of 7/18/07, and of the fact that he'd made several complaints against defendant Mele in the past.

(See Ex. H-1, Grievance No. R-2007-126, pp. 1-2.)

37) On 7/23/07 a disciplinary hearing was initiated against plaintiff. At the hearing, plaintiff, a mental health patient, requested assistance for the hearing and several witnesses. The hearing was postponed until 7/24/07.

38) By grievance dated 7/23/07, plaintiff complained of defendants' J. Zahn, and C. Deans' unfairly conducting the hearing

and the fact that he was denied Inmate Assistance and witnesses.

(See Ex. H-2, Grievance No. R-2007-127.)

39) The hearing was resumed on 7/24/07. Despite plaintiff's claims of innocence, and his allegations that he was in fact assaulted, tortured and brutalized by the officers, plaintiff was found guilty of three of the five charges; including attempted assault upon defendant Frank Mele, and was sentenced to serve 71 days solitary confinement - with instructions that he be shackled whenever he left the housing unit. (Including during court appearances for his murder trial.)

(See Ex. J, Hearing Disposition 7D0536.)

40) By grievance dated 7/24/07, plaintiff also complained that his hearing appeal process was being truncated due to unfair practices of the jail staff.

(See Ex.s K, Grievance No.s R-2007-132 and 134.)

41) With regard to the brutal and barbaric treatment plaintiff suffered at the hands of the named defendants, your plaintiff - suffering from severe auditory hallucinations - paranoid schizophrenia and Post Traumatic Stress Disorder, filed a great number of complaints in a short period of time. (See Exhibits L and L-1; letters from State Commission of Corrections, dated 8/13/07 and 9/6/07, affirming that at least 29 grievances were filed after incident.)

And, in many of these grievances and complaints plaintiff asked that the investigating body charge the defendants with criminal conduct. Hence,

42) upon information and belief, as a direct result of plaintiff's

constant complaints and demands for investigation into the excessive force used against him by the offending officers; defendant Frank Mele (1072), defendant Sheriff Investigator George Lynn (20/o888) and Sheriff Vincent F. DeMarco, filed a false Felony Complaint against plaintiff wherein defendant Frank Mele made a false sworn deposition charging plaintiff with violating N.Y. Penal Statute Sections 110/120.05(7), Attempted Assault in the Second Degree.

(See Ex. M, Felony Complaint No. 07-6521.)

43) Plaintiff was indicted for said crimes by the Grand Jury of Suffolk County under Indictment No. 2889-07, and caused to appear for the same before the Suffolk County Supreme Court.

(See Ex. M-1, copy of Indictment charges.)

44) Upon information and belief, all charges stemming from said defendants' false oaths and filing of said false Felony Complaint were subsequently dismissed by the Honorable Doyle, R., "In Favor Of The Accused."

(See Ex. N, Certificate of Disposition Dismissal, dated 1/20/11.)

45) Upon information and belief, defendant Charles Ewald (Superintendent) was made fully aware of the ongoing capricious and arbitrary acts of those under his command at the Suffolk County jail, through several complaints and grievances made by your plaintiff, but defendant failed to act to protect this plaintiff from the brutal and barbaric acts of all of the foregoing named defendants.

FIRST CAUSE OF ACTION

46) The actions of defendant Sgnt. Curcie (S144), as described in paragraphs 22 through 29, deprived plaintiff of his right to due process of law as a mental health pretrial detainee, and deprived plaintiff of his right to be free from assault and cruel and inhumane punishments under the 5th and 14th Amendments to the Constitution.

SECOND CAUSE OF ACTION

47) The actions of defendants Floor Sgnt. S198, Frank Mele (1072), Douglas Gulblosi (1244), as described in paragraphs 30-35, 39, and 41-44, deprived plaintiff of his right to due process and his right to be free from assault under the 5th and 14th Amendments to the Constitution.

THIRD CAUSE OF ACTION

48) The actions of defendant Charles Ewald (Superintendent), as described in paragraph 45 – and throughout this complaint – evince that he had full knowledge of the capricious and arbitrary acts of those under his command and their treatment of the mentally ill inmates at his facility, and did nothing to protect plaintiff's rights from being abridged by all of the named defendants.

FOURTH CAUSE OF ACTION

49) The actions of defendants Vincent DeMarco, George Lynn, James Zahn, and C. Dean as described in paragraphs 37-44, deprived plaintiff of his right to due process of law under the 5th and

14th Amendments to the Constitution.

PRAYER FOR RELIEF.

WHEREFORE, plaintiff prays for relief as follows:

50) A) That this Court issue a judgment declaring the actions of all of the named defendants as being in violation of the rights of defendant, and all pretrial mental health detainees under the care and custody of the Suffolk County Jail.

B) Issue an injunction that all such barbaric treatment against the mentally ill at said jail be ceased immediately.

C) Grant compensatory damages in the following amounts:

500,000 dollars against defendant Ewald.

500,000 dollars against defendant DeMarco.

500,000 dollars against defendant Geraci.

500,000 dollars against defendant Curcie.

500,000 dollars against defendant Sgnt. S198.

100,000 dollars against defendant C. Dean.

100,000 dollars against defendant James Zahn.

500,000 dollars against defendant Frank Mele.

500,000 dollars against defendant Douglas Gulblosi.

500,000 dollars against defendant George Lynn.

D) Grant punitive damages in the amount of 20,000 dollars against each defendant.

E) Grant any such other and further relief as to the Court seems just and equitable.

Signed on this 2 day of FEBRUARY, 2011.

Respectfully submitted,

Elden MacFarlane

Ex A

# Suffolk County Correctional Facility
## Notice of Charges and Basis for Disciplinary Actions Report

**Disciplinary #** 6D0598

**Inmates Name:** Macfarlane, Eldew

**Inmate Housing Location:** 4SW 24

**PIN#** 489783

**D.O.B.** 11/17/68

**Class:** Ank 1

**Date/Time of Report:** 06/08/06 0900hrs

**Incident Date/Time/Location:** 06/08/06  0745hrs  3E15

A report of your action(s) has been forwarded to the Warden's Office accusing you of the following infractions and the specific reasons for these charges.

Note to preparing officer: Provide a description of the inmate's conduct along with each infraction and the rule number violated.

**Rule #** 2 AH assault in that inmate Macfarlane attempted to strike Sgt Currie S144 about his head face with clenched fists

**Rule #** 49 insolence in that inmate Macfarlane became uncooperative during a shakedown

**Rule #** 52 failure to comply in that inmate Macfarlane refused to comply with shakedown procedures

**Rule #** 55 Interference in that inmate Macfarlane interfered with a tier shakedown

**Rule #**

Supplemental pages required: Yes ___ No ✗    Page 1 of 1

**Reporting Officer** (Print and sign name): Robert C DeRosa c/.524   /Rbt DeRoso c/.524

**Badge #:** c/.524

Incident Report Submitted: Yes ✗  No ___   Translator/Assistance requested: Yes ___ No ___

Witness(es) requested: Yes ___ No ___ If yes, witness(es) name(s) Have each witness complete a Witness Statement Form.)

Further investigation required: Yes ___ No ___ If yes, complete Formal Investigation Form.

Locked in based on above charges: Yes ___ No ___   Date/Time:

You may submit to the chief administrative officer a written response to the charges brought against you. Furthermore, an impartial disciplinary committee has been designated by the Warden for the purpose of conducting a hearing to determine the validity of this compliant and to insure that the best interests of both you and the facility are served. You will be given an opportunity to answer the accusation at this hearing which will be held at least twenty four (24) hours after this notification, unless you choose to waive this right. If additional information is required by this committee, further inquiry into the circumstances surrounding the incident will be made. You have the right to appeal the dispositions and sanctions applied as a result of the hearing within two (2) business days of the hearing date. An appeal form will be given to you and assistance in completing the appeal form will be provided upon request. Your signature is required stating that you have received a copy of this notice from a supervisor.

**Supervisor Signature/Date/Time:** Sgt. W.V.C  c S144  0940  06-08-06

Continued confinement required pending disciplinary hearing: Yes ___ No ___
If yes CF11 must be submitted.

**Duty Lieutenant Signature/Date/Time:**

**Inmate Signature/Date/Time:** 06/08/06 (NON TORTURE) Receipt only 7:45

**Supervisor Signature/Date/Time:** 06/08/2006  Sgt. D-S-1.7 1646 hrs

After inmate has affixed his signature copies to:
Copy 1: Hearing Board  Copy 2: Inmate Copy  Copy 3: Classification

CF-12

29-0547.. 07/01cg