Ex- H-2

MS 7006

## SUFFOLK COUNTY SHERIFF'S OFFICE GRIEVANCE FORM

NAME: ELDEN MACFARLANE   GRIEVANCE #: R-2007-127
PIN #: 489783   D.O.B.: 11/17/68   LOCATION: 4SW24   FACILITY: SCCF   DATE: 07/23/07

**I. Specific detailed description of the Grievance:** (Be sure to review Grievance Procedure as outlined in the inmate Rulebook **before** completing Grievance.) You should first attempt to resolve this issue with your Housing Officer and/or the Housing Area Sergeant.

I ELDEN MACFARLANE AM CURRENTLY HOUSED IN DISCIPLINARY HOUSING AND PREPARING TO CONTINUE MY HEARING TOMORROW. I REQUESTED "INMATE ASSISTANT" FROM THE C.O. IN CHARGE OF THE HEARING IAW 7NYCRR 251-4.1, 7NYCRR 251-4.2, 9NYCRR 7006.6. HE CALLED HIS OFFICER IN CHARGE, LT. FINCHE, TO GET AN ANSWER AND HE DENIED ME BECAUSE I WAS NOT A NON-ENGLISH SPEAKER OR ILLITERATE. THAT IS NOT IAW POLICY, MINIMUM STANDARDS, OR EQUAL TREATMENT LAW. ACCORDING TO 9NYCRR 7006.6.(G) "OR FOR ANY OTHER REASON IS UNABLE TO PREPARE A DEFENSE." I AM ON 23½ HR. LOCK IN. I NEED NAMES AND STATEMENTS FROM WITNESSES. THE C.O. WOULD NOT LET ME GIVE HIM MORE THEN A FEW NAMES AND QUESTION. IF I AM FOUND GUILTY I ONLY HAVE 48 HOURS TO APEAL AND I WANT A BETTER ACCOUNT FROM ALL MY WITNESSES. IF I HAD ASSISTANCE I COULD COLLECT ALL THE DATA BASED ON MY QUESTION POOL AND HE COULD PICK FROM THEM    Additional Sheets Attached (✓)

**II. Action(s) requested by the grievant:** TO ~~ALSO~~ ALLOW SOMEONE TO ASSIST ME DURING PRE HEARING AND APPEAL IF NEEDED.

Rec'd 7/24/07

Additional Sheets Attached (✓)
Signature of Grievant: [signature]   Date: 07/23/07

* * * * * INMATES DO NOT WRITE BELOW THIS LINE * * * * *

**Receiving Officer** – List any and all attempts made to resolve the issue described above.
FORWARDED TO SGT. TROCCHIO

Receiving Officer: [signature]   #1159   Date: 7/23/07

**Housing Area Sergeant** - List any and all attempts made to resolve the issue described above.
Forwarded to grievance Coordinator

Ex. J

# Suffolk County Sheriff's Department
## Corrections Division
## Disciplinary Hearing Disposition Form

Disciplinary Control Number: 7D0536  Hearing Date: 07-23-07

Inmate Name: MACFARLAND, ELDEN  PIN#: 489783  D.O.B. 11-17-68

Incident Location: 3 E/N  Date/Time: 07-18-07/1836  Infraction(s): 17.01, 17.02, 14.03

Inmate Status:
- ☒ Male  ☐ Termer  ☐ Writ  2.01, 15.01
- ☐ Female  ☒ Felony  ☐ Parole
- ☒ Adult  ☐ Misdemeanor  ☐ Downstate
- ☐ Minor  ☐ Civil  Book/Page: D040R-83A

☒ Disciplinary Surcharge Imposed (see Facility Rulebook)

Hearing Board Decision:

17.01 - B 18 DAYS DISC. L/I
17.02 - DISMISSED / UNSUB
14.03 - B 18 DAYS DISC. L/I
2.01 - A 35 DAYS DISC. L/I
15.01 - DISMISSED / DUPLICATE CHARGE

Total Disposition: 71 DAYS DISC. L/I

Loss of Good Time _____ Days

Lock In Information  Date In: 07-18-07 @ 1830  Date Out: 09-27-07 @ 1830

Name/Rank/Shield: [signature] S172  Name/Rank/Shield: _____
☒ Appeal Explained

Name/Rank/Shield: c/o [signature] #954
Plea: NOT GUILTY  Start Time: 0940  Finish Time: 1020
RECONVENED: 1030  FINISH: 07-24-07

Administrative Approval: ☐ Approved  ☐ Disapproved  07-24-07

Administrator: _____  Date: _____

Original to Record Room  Copies to: Classification - Inmate

CF - 13  29-054

Ex. K

Case 2:10-cv-02877-MKB-ARL Document 15-4 Filed 02/07/11 Page 5 of 16 PageID #: 123

## SUFFOLK COUNTY SHERIFF'S OFFICE GRIEVANCE FORM

NAME: ELDEN MACFARLANE  GRIEVANCE #: R-2007-132
PIN #: 48978  D.O.B.: 11/17/68  LOCATION: 4SW 24  FACILITY: SCCF  DATE: 07/24/07

**I. Specific detailed description of the Grievance:** (Be sure to review Grievance Procedure as outlined in the inmate Rulebook **before** completing Grievance.) You should first attempt to resolve this issue with your Housing Officer and/or the Housing Area Sergeant.

I ASKED SGT. SALVAGIO FOR ASSISTANCE ON MY APPEAL AND HE SAID I HAVE TO USE THE LAW BOOKS CLERK. THE PROBLEM IS THERE IS NO LAW BOOKS CLERK DOWN THERE. ALSO HE SAID I CANT INTERVEIW A WITNESS, OR HAVE SOMEONE INTERVEIW THEM (ASSISSTANT). I.A.W 9NYCRR 7031.3(c) 9NYCRR 7031.1(a)(2)(i);(4), 9NYCRR 7066(a)(6)(1)(2)(5). HE SAID THAT SOMEONE COULD BE COERCED INTO TALKING. HOWEVER THE C.O'S GET TOGETHER BEFORE WRITING THERE STATEMENTS. A NUETRAL PARTY COULD BE THERE TO ASURE INTEGRETY. THIS IS UNFAIR TO INMATES. MY WITNESSES CAN BE BRING DOWN TO LAW BOOK AN INTERVEIWED IN FRONT OF THE C.O. I AM NOW PREPARING MY APPEAL AND NEED HELP.
(SGT. SALVAGIO DID NOT PART TAKE IN MY HEARING BUT HE SPOKE TO ME IN THE LOBBY INFRONT OF THE DESK C.O. AND THE SGT., AND MIKE NOVEL IN 27 CELL).

Additional Sheets Attached ( )

**II. Action(s) requested by the grievant:**

- GET NEW LAW BOOKS CUSTODIAN OR
- GET SOMEONE OR MY SELF TO INTERVEIW MY WITNESSES

Additional Sheets Attached ( )
Signature of Grievant: [signature]  Date: 07/24/07

***** INMATES DO NOT WRITE BELOW THIS LINE *****

**Receiving Officer** - List any and all attempts made to resolve the issue described above.
Unable to resolve at this level. Forwarded to Sgt. Troccho S-202

Receiving Officer: Keith Mangin  #1265  Date: 07-24-07

**Housing Area Sergeant** - List any and all attempts made to resolve the issue described above.
Unable to resolve at this level. Forwarded to grievance Coordinator

# SUFFOLK COUNTY SHERIFF'S OFFICE GRIEVANCE FORM

NAME: EUDEN MACFARLANE  4SW24  GRIEVANCE #: 12-2007-134
PIN #: 489783   D.O.B.: 11/17/68   LOCATION: SCCF   FACILITY: SCCF   DATE: 07/24/07

**I. Specific detailed description of the Grievance:** (Be sure to review Grievance Procedure as outlined in the inmate Rulebook **before** completing Grievance.) You should first attempt to resolve this issue with your Housing Officer and/or the Housing Area Sergeant.

THE HEARING, C.O. 954 AND 5172, OFFICERS REFUSED TO ALLOW ME TO GIVE THEM A STATEMENT FOR THE RECORD AND I AM AFFORDED THE RIGTH TO GIVE A STATEMENT FOR THE RECORD PRIOR TO THE FINAL DISPOSITION. I AM GRIEVING A PART OF THE PROCESS WHICH WAS LEFT OUT.

REC 7/26/07

Additional Sheets Attached ( )

**II. Action(s) requested by the grievant:**

ACCEPT MY STATEMENT FOR THE RECORD

Additional Sheets Attached ( )

Signature of Grievant: [signature]   Date: 07/24/07

* * * * * INMATES DO NOT WRITE BELOW THIS LINE * * * * *

**Receiving Officer** – List any and all attempts made to resolve the issue described above.

I c/o Kenneth DeFelice #1058 received this grievance from inmate MacFarlane at 1338 hours on 7/15/7. It was then forwarded to Sgt. Barrett.

Receiving Officer: Kenneth DeFelice    # 1058   Date: 7/25/07

**Housing Area Sergeant** – List any and all attempts made to resolve the issue described above.

Received and forward to Grievance Coordinator

Exs. L and L-1



STATE OF NEW YORK ● EXECUTIVE DEPARTMENT
**STATE COMMISSION OF CORRECTION**

80 WOLF ROAD, 4TH FLOOR
ALBANY, NEW YORK 12205-2670
(518) 485-2346
FAX (518) 485-2467

CHAIRMAN
Daniel L. Stewart

COMMISSIONERS
Frederick C. Lamy
Frances T. Sullivan

August 13, 2007

Elden MacFarlane
110 Center Drive
Riverhead, NY 11901

Dear Mr. MacFarlane

      This is in response to your allegations about grievances. Please be advised it is not the intent of the Commission to circumvent the grievance process at the facility. It is suggested that you file and participate in the grievance process at the facility. The Commission has received several of your grievances and is presently processing them. It is suggested you contact the Grievance Coordinator with the facility in order to file a grievance and receive more information on the grievance procedure.

Sincerely

Robert Cuttita
Correctional Facility Specialist II

CC:   Facility Warden
        Facility Grievance Coordinator

(WRITEN BECAUSE GOOD GRIEVANCE THROWN OUT.)

*An Equal Opportunity/Affirmative Action Employer*



STATE OF NEW YORK ● EXECUTIVE DEPARTMENT
**STATE COMMISSION OF CORRECTION**

80 WOLF ROAD, 4TH FLOOR
ALBANY, NEW YORK 12205-2670
(518) 485-2346
FAX (518) 485-2467

CHAIRMAN
Daniel L. Stewart

COMMISSIONERS
Frederick C. Lamy
Frances T. Sullivan

September 6, 2007

Mr. Elden MacFarlane
Suffolk County Sheriff's Office
100 Center Drive
Riverhead, New York 11901

Mr. FacFarlane:

The New York State Commission of Correction is in receipt of your complaint letter dated August 29, 2007. In this letter and in previous letters sent to this office you question the grievance mechanism at the Suffolk County Jail.

A letter sent to you dated August 13, 2007 specifically stated that "it is not the intent of the Commission to circumvent the grievance process in the facility." The letter further suggested you file and participate in the grievance process in the facility.

A review of the records at the Suffolk County Jail reveals that the facility has processed twenty nine grievances filed by you since July 25, 2007. Of these twenty nine grievances eight have been appealed to this office for determination by the Citizen's Policy and Complaint Review Committee and have been or are being processed.

I would say based on the statistic listed above you have had frequent access to a grievance program. I will agree with the advice you were given by this office in the letter dated August 13, 2007. I would further advise that you continue to utilize the grievance process as a productive mechanism to address legitimate issues or complaints that you may have regarding your conditions of confinement.

Sincerely,

Steven Savoy
Metro Region Supervisor

CC: Facility Grievance Coordinator
    Robert Cuttita, SCOC

*An Equal Opportunity/Affirmative Action Employer*

Ex. M

| | |
|---|---|
| [ ] DISTRICT COURT OF THE COUNTY OF SUFFOLK, NEW YORK | Number 07-6521 |
| [X] LOCAL CRIMINAL COURT OF THE TOWN OF SOUTHAMPTON, N.Y. | Arrest Number |
| JUSTICE COURT-DOCKET NOS._____ | |

**FELONY COMPLAINT**

DEFTS IN CUSTODY
FROM DATE/TO DATE

STATE OF NEW YORK
COUNTY OF SUFFOLK
The People of the State
of New York
 -vs-     Elden Macfarlane DOB: 11-17-68 Defendant

1. _____/_____
2. _____/_____

Name (Complainant) <u>Deputy Sheriff Investigator George Lynn #200/0888</u>

of <u>the Suffolk County Sheriffs Office  Sqd. Criminal Investigations Bureau</u>

being duly sworn, says that on date <u>July 18, 2007</u> at about time <u>1836 hours</u>

at <u>the Suffolk County Correctional Facility, 100 Center Dr., Riverhead</u> Town of <u>Southampton</u>

County of Suffolk, State of New York, the defendant (Name, Address & D.O.B.)

<u>Elden Macfarlane of 6 West Dr., Bay Shore, NY 11706       DOB:11-17-68</u>

wrongfully, intentionally, knowingly, XXXXXXXXXXXXXXXXX committed the offense of:

<u>Attempted Assault in the Second Degree</u>

<u>in violation of the New York State Penal Law section 110/120.05 subdivision 7</u>

### Count #1

in that: A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime.

in that: A person is guilty of assault in the second degree when having been charged with or convicted of a crime and while confined in a correctional facility, as defined in subdivision three of section forty of the correctional law, pursuant to such charge or conviction, with intent to cause physical injury to another person, he causes such injury to such person or to a third person.

to wit: The defendant, at the Suffolk County Correctional Facility, 100 Center Dr., Riverhead, in the town of Southampton, county of Suffolk, state of New York, on or about July 18, 2007 at approximately 1836 hours, having been charged with Murder in the second degree and while confined in the Suffolk County Correctional Facility, a detention facility, pursuant to the charge of Murder in the second degree, with the intent to cause physical injury to another person, attempted to cause physical injury to Correction Officer Frank Mele; in that, the defendant, swung a wooden broom at the officer several times while the officer attempted to get the defendant to return to his housing area.

This complaint is based on xxxxxxxxxxxxxxxxxxxxxxxxx (information and belief), the source being the attached [sworn deposition(s) of <u>C/O Frank Mele #1072</u> dated <u>July 25, 2007</u>].

[X] Warrant Request**          [ ] Criminal Summons Request

**SWORN TO BEFORE ME** <u>25th, July, 2007</u>

_____     _____
Signature of Official Administering Oath   Complainant,Officer,rank,shield,Sqd
<u>Deputy Sheriff Investigator Desk Officer 331</u>
Title

Ex. M-1

Ind. # 2889-07

**THE GRAND JURY OF SUFFOLK COUNTY**, by this Indictment, accuses the defendant, Elden Macfarlane, of the crime of **ATTEMPTED ASSAULT IN THE SECOND DEGREE**, in violation of Section 110/120.05(7) of the Penal Law of the State of New York, committed as follows:

The said defendant, on or about July 18, 2007, in Suffolk County, New York, having been charged with or convicted of a crime and while confined in a Correctional Facility, as defined in Subdivision 3 of Section 40 of the Correction Law, pursuant to such charge or conviction, attempted to cause physical injury to another person.

Ex. N

```
              COUNTY COURT OF THE STATE OF NEW YORK        FEE:$5.00
                            SUFFOLK COUNTY
                        CRIMINAL COURTS BUILDING
                         210 CENTER DRIVE SOUTH
                          RIVERHEAD, NY 11901
```

CERTIFICATE OF DISPOSITION DISMISSAL

DATE: 01/20/2011                CERTIFICATE OF DISPOSITION NUMBER: 525

PEOPLE OF THE STATE OF NEW YORK     CASE NUMBER:           02889-2007
              VS.                   LOWER COURT NUMBER(S):
                                    DATE OF ARREST:        07/30/2007
                                    ARREST #:              548932
                                    DATE OF BIRTH:         11/17/1968
MACFARLANE, ELDEN                   DATE FILED:            09/17/2007
_____
         DEFENDANT

I HEREBY CERTIFY THAT IT APPEARS FROM AN EXAMINATION OF THE RECORDS
ON FILE IN THIS OFFICE THAT ON 03/20/2008 THE ABOVE ACTION WAS
DISMISSED AND ALL PENDING CRIMINAL CHARGES RELATED TO
THIS ACTION WERE ALSO DISMISSED BY THE HONORABLE  DOYLE,R   THEN
A JUDGE OF THIS COURT.

THE DEFENDANT WAS DISCHARGED FROM THE JURISDICTION OF THE COURT.

THE ABOVE MENTIONED DISMISSAL IS A TERMINATION OF THE CRIMINAL
ACTION IN FAVOR OF THE ACCUSED AND PURSUANT TO SECTION 160.60 OF
THE CRIMINAL PROCEDURE LAW "THE ARREST AND PROSECUTION SHALL BE
DEEMED A NULLITY AND THE ACCUSED SHALL BE RESTORED, IN
CONTEMPLATION OF LAW, TO THE STATUS OCCUPIED BEFORE THE ARREST
AND PROSECUTION".

PURSUANT TO SECTION 160.50(1C) OF THE CRIMINAL PROCEDURE LAW, ALL
OFFICIAL RECORDS AND PAPERS RELATING TO THIS CASE ARE SEALED.


IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND AND AFFIXED MY
OFFICIAL SEAL ON THIS DATE 01/20/2011.

                                         **JUDITH A. PASCALE**
                                    _____
                                            COURT CLERK