UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 10-CV-2877 (JFB) (ARL)

———————————

ELDEN MACFARLANE,

Plaintiff,

VERSUS

CHARLES EWALD, ET AL.,

Defendants.

———————————

**MEMORANDUM AND ORDER**
August 1, 2016

———————————

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Elden MacFarlane ("plaintiff" or "MacFarlane") filed this action on June 14, 2010, alleging claims for relief pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants Charles Ewald ("Ewald"), Sheriff Vincent DeMarco ("DeMarco"), Dr. Geraci, and Correction Officers Curcie, Dean, Mele, Zahn, Lynn, and Gublosi (collectively, "defendants"). On November 24, 2015, defendants filed a motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendants argue that: (1) plaintiff's claims concerning the June 8, 2006 incident are barred by the statute of limitations, and (2) plaintiff cannot recover against defendants Ewald and DeMarco because he has no evidence of supervisory liability.

For the reasons set forth below, defendants' motion for partial summary judgment is granted.

I. BACKGROUND

A. Facts

The following factual allegations from plaintiff's amended complaint are taken as true for the purpose of this motion. From 2006 through 2008, plaintiff was an inmate at Suffolk County Correctional Facility ("SCCF"). Plaintiff's amended complaint alleges two separate incidents for which he seeks to recover under 42 U.S.C. § 1983.[1] Plaintiff alleges that, on June 8, 2006, defendant Curcie and other unnamed officers

---

[1] Plaintiff's initial compliant only included allegations regarding the July 18, 2007 incident. Plaintiff's allegations regarding the June 8, 2006 incident (the "2006 incident") were not raised until he filed his amended complaint.

used excessive force against him. (Am. Compl. ¶ 22.) Plaintiff alleges that, on the same day, false misbehavior charges were filed against him, and that, at a disciplinary hearing on June 9, 2006, he was found guilty of attempting to assault Curcie and sentenced to 50 days of solitary confinement. (*Id.* at ¶¶ 23, 25.) Plaintiff also alleges that, on July 18, 2007, defendant Mele and other unidentified corrections officers used excessive force against him, causing him to be improperly charged with disciplinary violations. (*Id.* at ¶¶ 30-31.) Plaintiff was found guilty of three of the five charged violations, including attempted assault on Mele, at a disciplinary hearing on July 24, 2007, and sentenced to seventy-one days in solitary confinement. (*Id.* at ¶ 39.)[2]

B. Procedural History

Plaintiff filed his complaint on June 14, 2010, and thereafter, filed an amended complaint on February 7, 2011. By letter dated September 19, 2011, plaintiff requested a stay of the civil proceeding pending the resolution of his criminal case; the Court granted this request on October 3, 2011. By letter dated February 10, 2014, plaintiff informed the Court that his criminal case had concluded and requested that his civil action be reopened; the Court granted this request and reopened the case on March 3, 2014. On November 24, 2015, defendants filed their motion for partial summary judgment. Plaintiff filed his opposition on January 19, 2016, and defendants filed their reply on February 2, 2016. The Court has fully considered the parties' submissions.

II. STANDARD OF REVIEW

The standard for summary judgment is well-settled. Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant a motion for summary judgment only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013). The moving party bears the burden of showing that he is entitled to summary judgment. *See Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The Court "'is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments.'" *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (quoting *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996)); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (summary judgment is unwarranted if "the evidence is such that a

---

[2] Plaintiff did not submit a 56.1 Statement in connection with his opposition. However, with his opposition to defendants' motion, plaintiff enclosed several letters that he sent to various officials regarding his treatment at SCCF. (*See* Ex. A to Pl.'s Opp'n.)

reasonable jury could return a verdict for the nonmoving party").

Once the moving party has met its burden, the opposing party "'must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*.'" *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (alteration in original) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). As the Supreme Court stated in *Anderson*, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." 477 U.S. at 249-50 (internal citations omitted). Indeed, "the mere existence of *some* alleged factual dispute between the parties alone will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247-48. Thus, the nonmoving party may not rest upon mere conclusory allegations or denials but must set forth "'concrete particulars'" showing that a trial is needed. *R.G. Grp., Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (quoting *SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978)). Accordingly, it is insufficient for a party opposing summary judgment "'merely to assert a conclusion without supplying supporting arguments or facts.'" *BellSouth Telecomms., Inc. v. W.R. Grace & Co.-Conn.*, 77 F.3d 603, 615 (2d Cir. 1996) (quoting *Research Automation Corp.*, 585 F.2d at 33).

When considering a dispositive motion made by or against a *pro se* litigant, the Court must "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (internal quotation marks and citations omitted); *see also Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("It is settled law that the allegations of [a *pro se*] complaint, 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972))). Nonetheless, "[p]roceeding *pro se* does not otherwise relieve a litigant of the usual requirements of summary judgment, and a *pro se* party's bald assertions unsupported by evidence, are insufficient to overcome a motion for summary judgment." *Rodriguez v. Hahn*, 209 F. Supp. 2d 344, 348 (S.D.N.Y. 2002) (internal quotation marks and citation omitted).

### III. DISCUSSION

Defendants move for partial summary judgment, arguing that (1) plaintiff's claims regarding the 2006 incident are time-barred, and (2) plaintiff cannot recover against defendants Ewald and DeMarco because there is no evidence of supervisory liability. For the reasons set forth below, the Court concludes that plaintiff's claims regarding the 2006 incident are time-barred and must be dismissed, and that because there is no evidence of supervisory liability, plaintiff's claims against defendants Ewald and DeMarco must also be dismissed.

A. Statute of Limitations

1. Legal Standard

There exists no federal statute of limitations for Section 1983 claims. Instead, federal courts considering Section 1983 claims apply the forum state's general or residual statute for personal injury actions. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In New York, Section 214 of the New York Civil Practice Law and Rules sets forth a three-year statute of limitations for actions "to recover upon a liability, penalty or forfeiture created or imposed by statute."

N.Y. C.P.L.R. § 214(2). New York law also determines "whether the limitations period has been tolled, unless state tolling rules would 'defeat the goals' of section 1983." *Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 2007) (citing *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002)). Federal law determines when such claims accrue, and the Second Circuit has held that accrual of a Section 1983 claim occurs when the plaintiff "knows or has reason to know of the injury which is the basis of his action." *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980); *see also Pearl*, 296 F.3d at 80.

2. Application

Plaintiff's initial complaint was filed on June 14, 2010, and his amended complaint, which for the first time includes the claims relating to the June 8, 2006 incident, was filed on February 7, 2011. Plaintiff does not disagree that the applicable statute of limitations is three years, but rather, argues that "[t]he 2007 incident is a continuation of the 2006 incident." (Pl.'s Opp'n at 2.)

Under the continuing violation theory, a claim that challenges a "continuous practice and policy of discrimination" may not accrue until the last discriminatory act in furtherance of the policy. *See Fahs Construction Grp., Inc. v. Gray*, 725 F.3d 289, 292 (2d Cir. 2013). "To trigger such a delay, the plaintiff must allege both the existence of an ongoing policy of discrimination and some non-time-barred acts taken in furtherance of that policy." *Id*. (quotation marks and citation omitted). However, "discrete acts of discrimination or retaliation" are not subject to the continuing violation doctrine. *Colvin v. State Univ. Coll. at Farmingdale*, No. 13-CV-3595 (SJF)(ARL), 2014 WL 2863224, at *17 (E.D.N.Y. June 19, 2014), *reconsideration denied*, No. 13-CV-3595 (SJF)(ARL), 2015 WL 2213297 (E.D.N.Y. May 8, 2015). The Second Circuit has also held that the continuing violation doctrine can apply to Eighth Amendment claims of medical indifference brought under Section 1983, *Shomo v. City of New York*, 579 F.3d 176, 179 (2d Cir. 2009), and Eighth Amendment claims for cruel and unusual punishment against federal officials brought under *Bivens*. *Gonzalez v. Hasty*, 802 F.3d 212, 224 (2d Cir. 2015).

However, the continuing violation doctrine applies only to claims "composed of a series of separate acts that collectively constitute one unlawful practice." *Gonzalez*, 802 F.3d at 220 (alteration and internal quotation marks omitted). Here, plaintiff challenges two separate incidents involving excessive force and subsequent discipline – the first occurring in June 2006 and the second occurring in July 2007 – in which different officers were involved. Thus, because plaintiff's claims were discrete, separate acts, the continuing violation doctrine does not apply. *See, e.g.*, *Albritton v. Morris*, No. 13-CV-3708 (KMK), 2016 WL 1267799, at *11 (S.D.N.Y. Mar. 30, 2016) (finding allegations that, in 2008, officer "threatened Plaintiff with a 'busted open' head if he continued to file grievances" and that, in 2010, the same officer told plaintiff to stop filing grievances and that "inmates never win grievances even if they are in the right" were "best characterized as discrete acts, rather than a continuing violation").

Although not raised by plaintiff, the Court also has considered whether the doctrine of equitable tolling applies. With respect to equitable tolling in Section 1983 actions, it is well-settled that federal courts should borrow the forum state's tolling rules. *See Pearl*, 296 F.3d at 80 (citing *Bd. of Regents v. Tomanio*, 446 U.S. 478, 484-86, (1980)); *accord Keating v. Carey*, 706 F.2d 377, 382 (1983). As the Second Circuit has explained, New York courts have adopted the same equitable tolling doctrine that exists

4

under federal law. *Keating*, 706 F.2d at 382. "Equitable tolling allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances." *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996). Thus, the Second Circuit "has applied the doctrine 'as a matter of fairness' where a plaintiff has been 'prevented in some extraordinary way from exercising his rights, or h[as] asserted his rights in the wrong forum.'" *Johnson*, 86 F.3d at 12 (quoting *Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 24 (2d Cir. 1985)) (alteration in original). However, "[e]quitable tolling requires a party to pass with reasonable diligence through the period it seeks to have tolled." *Johnson*, 86 F.3d at 12. For example, under the equitable tolling doctrine, "when the defendant fraudulently conceals the wrong, the time does not begin running until the plaintiff discovers, or by the exercise of reasonable diligence should have discovered, the cause of action." *Keating*, 706 F.2d at 382.

In the instant case, there is absolutely no basis to apply the doctrine of equitable tolling. Plaintiff was clearly aware of the allegedly unconstitutional conduct in 2006, as demonstrated by the letters he sent to several individuals, including DeMarco, in 2006. In these letters, plaintiff indicates that he was "assaulted by [SSCF] employees" and subjected to "excessive force." (Pl.'s Opp'n at 12, 18.) Thus, plaintiff was plainly aware of the incident of which he now complains in 2006. Further, plaintiff has failed to provide to the Court any facts that could give rise to equitable tolling. Under these circumstances, the Court finds that plaintiff failed to act with reasonable diligence in pursuing his claim during the three-year period and, therefore, that there are no grounds for equitable tolling. *See, e.g.*, *Nicolosi v. City of New York*, No. 04-CV-82 (DAB), 2006 WL 3392736, at *3-4 (S.D.N.Y. Nov. 20, 2006) (dismissing Section 1983 claims as time-barred and finding no basis for equitable tolling); *Mitchell v. Bell*, No. 9:04-CV-1490, 2006 WL 3043126, at *5-6 (N.D.N.Y. Oct. 23, 2006) (same). As the Second Circuit has noted, "[t]hough plaintiffs might find the result harsh, the 'harshness . . . is largely a self-inflicted wound.'" *Johnson*, 86 F.3d at 13 (quoting *ILGWU Nat'l Retirement Fund v. Levy Bros. Frocks, Inc.*, 846 F.2d 879, 887 (2d Cir. 1988)).

Therefore, because the 2006 incident is plainly outside the three-year statute of limitations, and neither the continuing violation doctrine nor equitable tolling apply, plaintiff's claims relating to the 2006 incident are barred by the statute of limitations.

B. Supervisory Liability

1. Legal Standard

"[I]t is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Provost v. City of Newburgh*, 262 F.3d 146, 154 (2d Cir. 2001) (citation and quotation marks omitted). In other words, "supervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on *respondeat superior*." *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). Supervisory liability can be shown in one or more of the following ways: "(1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring." *Id.* at 145 (citation omitted).

2. Analysis

As defendants argue, plaintiff has not pointed to any evidence that DeMarco or Ewald engaged in conduct for which they could be held liable under Section 1983. Plaintiff's only evidence of involvement on the part of DeMarco is that: (1) plaintiff sent a letter to the "Suffolk County Sheriff" dated July 3, 2006, claiming that he had "been assaulted by some of your employees," that "some of [his] equal treatment rigths (sic) have been violated," and that he was "dealing with retaliation," (Pl.'s Opp'n at 12-13); (2) on August 4, 2007, plaintiff sent DeMarco a letter to "notify [him] of obvious violations of Title 9 (minimum standards), equal treatment laws, ethical guidelines, civil service and healthcare professional oaths, and some just immoral acts," (*id.* at 30); and (3) on September 4, 2007, plaintiff sent DeMarco a letter alleging that he had "been set up and jumped by several of your employees (C.O. Frank Mele [Badge # 1072] Douglas Gublosi, and Others) on 07-18-07" and that he had been "assaulted by [C.O. 1177] and several others July 6." (*Id.* at 40.)[3] The mere fact that DeMarco was informed of the assaults after they occurred is insufficient to state a claim for supervisory liability under Section 1983. *See, e.g.*, *Rahman v. Fisher*, 607 F. Supp. 2d 580, 585 (S.D.N.Y. 2009) (holding that plaintiff failed to state a claim for supervisory liability where he sent each supervisory defendant a letter informing them of an assault after it happened because "[r]eceipt of notice after the violation is insufficient to constitute personal involvement in the violation"); *Sharma v. D'Silva*, No. 14-CV-6146 (NSR), 2016 WL 319863, at *8 (S.D.N.Y. Jan. 25, 2016) ("[T]he receipt of letters or grievances, by itself, does not amount to personal involvement." (internal quotation marks and citation omitted)); *Rodriguez v. Rock*, No. 9:13-CV-01106 (DNH), 2015 WL 5147045, at *6 (N.D.N.Y. Sept. 1, 2015) ("[I]t is well-established that a supervisor's failure to respond to a letter of complaint does not provide a sufficient basis to find that the defendant was personally involved in the deprivation alleged.") (collecting cases). Therefore, because plaintiff has pointed to no evidence indicating personal involvement by Sheriff DeMarco, the claims against him must be dismissed.

Plaintiff also has not pointed to evidence of any personal involvement whatsoever by Ewald. Plaintiff merely alleges, in his amended complaint, that Ewald "was made fully aware of the ongoing capricious and arbitrary acts of those under his command at the Suffolk County jail, through several complaints and grievances made by your plaintiff but defendant failed to act to protect this plaintiff from the brutal and barbaric acts of all of the foregoing named defendants." (Am. Compl. ¶ 45.) Because plaintiff has offered no evidence of personal involvement by Ewald, the claims against him must be dismissed. *See, e.g.*, *Elliott v. City of Hartford*, -- F. App'x --, No. 14-3633-CV, 2016 WL 2909335, at *2 (2d Cir. May 19, 2016) (affirming district court's grant of summary judgment on supervisory liability claim where plaintiff "failed to produce any evidence to demonstrate that [defendant] was personally involved"); *Diaz v. City of New York*, No. 00-CV-2944 (JMA), 2006 WL 3833164, at *8 (E.D.N.Y. Dec. 29, 2006) (granting defendants' motion for summary judgment where "[p]laintiffs have provided no evidence that the captain participated in any constitutional violation, was informed of the wrongful acts alleged by the plaintiffs, created or allowed a custom or policy amounting to a constitutional violation,

---

[3] In his September 4, 2007 letter, plaintiff states that "this is my fourth letter to your office." (*Id.* at 40.) However, plaintiff has only offered evidence of the three letters cited in connection with his opposition.

negligently supervised his subordinates, or failed to act on information indicating that unconstitutional acts were occurring"); *Patterson v. Lilley*, No 02-CV-6056 (NRB), 2003 WL 21507345, at *7 (S.D.N.Y. June 30, 2003) (granting summary judgment on supervisory liability claim where plaintiff did not present any facts indicating that supervisor created an unconstitutional custom or policy or was grossly negligent in supervising his subordinates); *Ziemba v. Thomas*, 390 F. Supp. 2d 136, 146 (D. Conn. 2005) ("The court concludes that plaintiff has not met his burden to demonstrate the existence of a genuine issue of material fact regarding defendant['s] notice of unconstitutional acts being committed by prison staff against plaintiff. The plaintiff has put forth no affidavits, pleadings, depositions, answers to interrogatories, or admissions on file from which a reasonable trier of fact would be able to conclude that [defendant] had actual or constructive notice of his subordinates committing constitutionally prohibited acts against plaintiff.") Thus, because there is no evidence of any personal involvement by Ewald for which he could be held liable, the claims against him must be dismissed.

## IV. CONCLUSION

For the reasons set forth herein, defendants' motion for partial summary judgment is granted. Plaintiff's claims arising out of the June 8, 2006 incident against all defendants, and plaintiff's claims against defendants DeMarco and Ewald are dismissed with prejudice. The parties shall submit a proposed Joint Pretrial Order to the Court on the remaining claims on or before September 30, 2016.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: August 1, 2016
      Central Islip, NY

\*    \*    \*

Plaintiff proceeds *pro se*. Defendants are represented by Arlene S. Zwilling, Suffolk County Attorney, P.O. Box 6100, H. Lee Dennison Building – Fifth Floor, 100 Veterans Memorial Highway, Hauppauge, NY 11788.