UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

Elden MacFarlane,

                 Plaintiff,                Docket No: 2:10-cv-2877
                                                     (JFB) (ARL)

       -Against-

                                                     **SECOND AMENDED**
                                                     **<u>COMPLAINT</u>**

Charles Ewald, et al.
SUFFOLK COUNTY, SUFFOLK
COUNTY SHERIFF'S OFFICE,
SUFFOLK COUNTY CORRECTIONS
OFFICER CHRISTOPHER DEAN in
his official and individual capacities,
SUFFOLK COUNTY CORRECTIONS
OFFICER FRANK MELE in his official
and individual capacities, SUFFOLK
COUNTY CORRECTIONS OFFICER
JAMES ZAHN in his official and
individual capacities, SUFFOLK
COUNTY CORRECTIONS OFFICER
GEORGE LYNN in his official and
individual capacities, and SUFFOLK
COUNTY CORRECTIONS OFFICER
DOUGLAS GUBITOSI in his official
and individual capacities

                            Defendant.
_____X

         **PLAINTIFF,** ELDEN MACFARLANE, by and through his attorney the LAW

OFFICES OF CORY H. MORRIS, Cory H. Morris, P.C. as and for his *Second Amended*

*Complaint* against Defendants herein, states and alleges the following:

## <u>PRELIMINARY STATEMENT</u>

         1)     This is a civil action seeking monetary relief, declaratory relief,

compensatory damages, punitive damages, and costs and fees for violations of the

Plaintiff's rights, excessive force, failure to train, and a pattern and practice of excessive force, brought pursuant to 42 U.S.C. § 1983, the 4th Amendment to the United States Constitution, the 5th Amendment to the United States Constitution, the 14th Amendment to the United States Constitution, and New York State Law.

2)     Specifically, the Plaintiff, ELDEN MACFARLANE, alleges that the Defendants (collectively and individually) negligently, wantonly, recklessly, intentionally, and knowingly sought to and did wrongfully deprive Plaintiff of his Constitutional rights, pursuant to the above-mentioned statutes and causes of action by committing acts under color of law and depriving the Plaintiff of rights secured by the Constitution and law of the State of New York.

3)     Plaintiff alleges that Defendants (collectively and individually), their agents, employees and servants employed unreasonable force, physically battered, assaulted, and used excessive force against Plaintiff, ELDEN MACFARLANE.

4)     Plaintiff alleges that the Defendants (collectively and individually) used unreasonable and excessive force against Plaintiff ELDEN MACFARLANE as a result of Defendant Suffolk County's failure to train, failure to reprimand, failure to investigate and failure to prohibit such acts and omissions by its agents, assigns and employs and were negligent in attacking, confining, and transporting Plaintiff ELDEN MACFARLANE, a pretrial detainee who was diagnosed with, *inter alia*, mental illness.

5)     Defendants were grossly negligent, recklessly, and/or intentionally breached their duties of care and duties to intervene with respect to their interactions with and treatment of Plaintiff ELDEN MACFARLANE as further described below and,

subsequent to the excessive and unnecessary force used against ELDEN MACFARLANE, by failing to appropriately investigate, reprimand, and/or arrest Defendant SUFFOLK COUNTY CORRECTIONS OFFICER CHRISTOPHER DEAN, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER FRANK MELE, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER JAMES ZAHN, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER GEORGE LYNN, and Defendant SUFFOLK COUNTY CORRECTIONS OFFICER DOUGLAS GUBITOSI for their employment of unreasonable and excessive force against Plaintiff ELDEN MACFARLANE, a pretrial detainee who was diagnosed with, *inter alia*, mental illness.

6)    Plaintiff further alleges that Defendant SUFFOLK COUNTY was negligent in training, hiring, and supervising its SUFFOLK COUNTY SHERIFF'S DEPARTMENT, employees, representative, and/or agents.   Specifically, SUFFOLK COUNTY and SUFFOLK COUNTY SHERIFF'S DEPARTMENT failed to investigate, arrest, and act upon the utilization of unreasonable and excessive force employed against Plaintiff ELDEN MACFARLANE, a pretrial detainee who was diagnosed with, *inter alia*, mental illness.

7)    Moreover, Plaintiff alleges that Defendant SUFFOLK COUNTY and the SUFFOLK COUNTY SHERIFF'S DEPARTMENT failed to properly and adequately train Defendant SUFFOLK COUNTY CORRECTIONS OFFICER CHRISTOPHER DEAN, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER FRANK MELE, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER JAMES ZAHN, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER GEORGE LYNN, and Defendant SUFFOLK COUNTY CORRECTIONS OFFICER DOUGLAS GUBITOSI in the proper methods for

managing, subduing, treating, and supervising mentally ill detainees. Upon information and belief, instead of conducting a fair and impartial investigation of the claims and allegations against Defendant SUFFOLK COUNTY CORRECTIONS OFFICER CHRISTOPHER DEAN, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER FRANK MELE, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER JAMES ZAHN, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER GEORGE LYNN, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER DOUGLAS GUBITOSI, Plaintiff ELDEN MACFARLANE'S allegations were ignored and false charges were initiated against Plaintiff ELDEN MACFARLANE.

8) Accordingly, Defendants are liable to Plaintiff ELDEN MACFARANE for use of excessive force, failure to train Correctional Officers, a pattern and practice of civil rights violations including but not limited to due process deprivations, conspiring to condone and encourage such civil rights violations, and for failing to investigate, reprimand, and/or punish the actions of the Defendants.

9) As a result of the Defendants' actions (or lack thereof), Plaintiff ELDEN MACFARLANE suffered emotional scarring, physical pain, and was caused to undergo medical examination and treatment for serious injuries including but not limited to contusions, concussion(s) and a perforated eardrum that he sustained at the hands of Defendants as a result of their use of unnecessary and excessive force, failure to train, failure to reprimand, and the pattern and practice of Defendants indifferences, aggressions, and beatings  against pretrial detainees, specifically pretrial detainees suffering from mental illness.

## JURISDICTION AND VENUE

10)     The jurisdiction of this Court in invoked under 28 U.S.C. §§ 1331 and 1343.

11)     This Court is requested to exercise supplemental jurisdiction with respect to Plaintiff's State Law claims pursuant to 28 U.S.C. § 1367.

12) Venue in the Eastern District of New York is proper under 28 U.S.C. § 1391, based on the fact that the place where the events and violations herein alleged occurred was in Suffolk County, New York.

## PARTIES

13)     Plaintiff, ELDEN MACFARLANE, is an honorably discharged Army veteran who suffers from physical disabilities, Post Traumatic Stress Disorder (PTSD), and is diagnosed with, *inter alia*, paranoid schizophrenia. Throughout the events complained of herein, Plaintiff was a pretrial detainee housed in the Mental Health Observation Unit at the Suffolk County Correctional Facility who was diagnosed with, *inter alia*, mental illness.

14)     At all times relevant in this Second Amended Complaint, and upon information and belief, Defendant SUFFOLK COUNTY, is a municipality within New York State in receipt of federal assistance and was a receipt of federal funding at the time of the events complained of herein.  Upon information and belief, Defendant SUFFOLK COUNTY was responsible for the municipal entity SUFFOLK COUNTY SHERIFF'S DEPARTMENT and its agents, assigns, and employees.

15)     At all times relevant in this Complaint, and upon information and belief, Defendant SUFFOLK COUNTY SHERIFF'S DEPARTMENT, is a municipal entity within

New Yok State, Suffolk County in receipt of federal assistance and was, upon information and belief, a recipient of federal funding at the time of the events complained of herein.

16)     Upon information and belief, Defendant SUFFOLK COUNTY SHERIFF'S DEPARTMENT was responsible for its agents, assigns, and employees including but not limited to Defendant SUFFOLK COUNTY CORRECTIONS OFFICER CHRISTOPHER DEAN, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER FRANK MELE, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER JAMES ZAHN, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER GEORGE LYNN, and Defendant SUFFOLK COUNTY CORRECTIONS OFFICER DOUGLAS GUBITOSI.

17)     At all times relevant in this Complaint, and upon information and belief, non-party SUFFOLK COUNTY CORRECTIONS OFFICER CURCIE was employed by SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT throughout the events complained of herein.

18)     At all times relevant in this Complaint, and upon information and belief, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER CHRISTOPHER DEAN was employed by SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT throughout the events complained of herein. Defendant SUFFOLK COUNTY CORRECTIONS OFFICER CHRISTOPHER DEAN is being sued in his individual and official capacities.

19)     At all times relevant in this Complaint, and upon information and belief, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER FRANK MELE was employed by SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT

throughout the events complained of herein. Defendant SUFFOLK COUNTY CORRECTIONS OFFICER FRANK MELE is being sued in his individual and official capacities.

20)     At all times relevant in this Complaint, and upon information and belief, Defendant SUFFOLK COUNT CORRECTIONS OFFICER JAMES ZAHN was employed by SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT throughout the events complained of herein. Defendant SUFFOLK COUNTY CORRECTIONS OFFICER JAMES ZAHN is being sued in his individual and official capacities.

21)     At all times relevant in this Complaint, and upon information and belief, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER GEORGE LYNN was employed by SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT throughout the events complained of herein. Defendant SUFFOLK COUNTY CORRECIONS OFFICER GEORGE LYNN is being sued in his individual and official capacities.

22)     At all times relevant in this Complaint, and upon information and belief, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER DOUGLAS GUBITOSI was employed by SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT throughout the events complained of herein. Defendant SUFFOLK COUNTY CORRECTIONS OFFICER DOUGLAS GUBITOSI is being sued in his individual and official capacities.

**FACTUAL BACKGROUND**

23)    Plaintiff ELDEN MACFARLANE, a retired United States Army Sergeant, honorably discharged, is a middle-aged male who has a history of mental illness including a diagnosis of Post-Traumatic Stress Disorder ("PTSD") and Paranoid Schizophrenia.

24)    Plaintiff ELDEN MACFARLANE was arrested and charged with intentional homicide on October 21, 2005 and detained at the SUFFOLK COUNTY CORRECTIONAL FACILITY in the facility's Mental Health Observation Unit.

25)    The factual portion of this *amended complaint* occurred, in its entirety, while Plaintiff ELDEN MACFARLANE was housed at the SUFFOLK COUNTY CORRECTIONAL FACILITY Mental Health Observation Unit.

26)    Throughout that time, Plaintiff ELDEN MACFARLANE was a pre-trial detainee, not found guilty of any crime, and was diagnosed with mental illness that was both acknowledged and recognized by Defendants, collectively.

27)    While Plaintiff ELDEN MACFARLANE was held at the SUFFOLK COUNTY CORRECTIONAL FACILITY Plaintiff witnessed many physical and verbal abuses of himself and other mentally ill inmates at the hands of SUFFOLK COUNTY CORRECTIONS OFFICERS, including but not limited to SUFFOLK COUNTY CORRECTIONS OFFICER CURCIE, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER CHRISTOPHER DEAN, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER FRANK MELE, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER JAMES ZAHN, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER GEORGE LYNN, and Defendant SUFFOLK COUNTY CORRECTIONS OFFICER DOUGLAS GUBITOSI.

28)     Plaintiff ELDEN MACFARLANE filed complaints on behalf of himself and on behalf of other inmates, some of whom were incapable of filing complaints themselves, who were subjected to physical and/or verbal abuse by SUFFOLK COUNTY CORRECTIONS OFFICERS. Plaintiff ELDEN MACFARLANE utilized the Inmate Grievance Forms, designated by Defendants as the SUFFOLK COUNTY CORRECTIONAL FACILITY'S process to initiate complaints.

29)     As a result of speaking on behalf of himself and other mentally ill inmates, Plaintiff ELDEN MACFARLANE was labeled a "P.O.S." (presumably an acronym standing for "Piece of Shit") by DEFENDANTS. Plaintiff witnessed this label on paperwork next to his name and recognized the label as one reserved for alleged child molesters and alleged rapists.

30)     As a result, Plaintiff ELDEN MACFARLANE filed formal Inmate Grievances utilizing the Inmate Grievance Forms provided by Defendants.

31)     On June 8, 2006 Plaintiff ELDEN MACFARLANE was assaulted by SUFFOLK COUNTY CORRECTIONS OFFICERS including but not limited to SUFFOLK COUNTY CORRECTIONS OFFICER CURCIE and SUFFOLK COUNTY CORRECTIONS OFFICERS JOHN and JANE DOES # 1-10.

32)     Prior to being subjected to punches, kicks, and being struck with weapons, SUFFOLK COUNTY CORRECTIONS OFFICER CURCIE and SUFFOLK COUNTY CORRECTIONS OFFICERS JOHN and JANE DOES # 1-10 conducted a routine search of Plaintiff ELDEN MACFARLANE'S holding cell on June 8, 2006.

33)     During the search Plaintiff ELDEN MACFARLANE was cited by SUFFOLK COUNTY CORRECTIONS OFFICERS JOHN and JANE DOES # 1-10 as having more books than were allowed by regulations during a routine cell search.

34)     In response, Plaintiff ELDEN MACFARLANE stated that SUFFOLK COUNTY CORRECTIONS OFFICER CURCIE was incorrect as to how SUFFOLK COUNTY CORRECTIONS OFFICERS JOHN and JANE DOES # 1-10 described the regulation.

35)     Plaintiff ELDEN MACFARLANE continued to explain that he was in compliance with all regulation(s) and SUFFOLK COUNTY CORRECTIONS OFFICERS JOHN and JANE DOES # 1-10 were incorrect in both their and SUFFOLK COUNTY CORRECTIONS OFFICER CURCIE'S remarks against Plaintiff ELDEN MACFARLANE.

36)     As a result of Plaintiff ELDEN MACFARLANE'S statements, SUFFOLK COUNTY CORRECTIONS OFFICER CURCIE repeatedly shouted at Plaintiff ELDEN MACFARLANE "to shut the fuck up" and "don't you learn."

37)     Plaintiff ELDEN MACFARLANE complied with SUFFOLK COUNTY CORRECTIONS OFFICER CURCIE'S orders.

38)     After shouting at Plaintiff ELDEN MACFARLANE, CORRECTIONS OFFICER CURCIE forcefully shoved Plaintiff ELDEN MACFARLANE'S head against the bars of Plaintiff ELDEN MACFARLANE'S cell.

39)     With Plaintiff ELDEN MACFARLANE'S head against the bars of the holding cell, CORRECTIONS OFFICER CURCIE placed his hands around Plaintiff ELDEN

MACFARLANE'S neck and chocked Plaintiff ELDEN MACFARLANE, cutting off his ability to breathe while holding Plaintiff ELDEN MACFARLANE against the cell bars.

40)     Reacting to the chokehold, Plaintiff ELDEN MACFARLANE removed SUFFOLK COUNTY CORRECTIONAL OFFICER CURCIE'S hands from around his neck.

41)     Upon information and belief, Plaintiff ELDEN MACFARLANE, suffering from PTSD, removed CORRECTIONS OFFICER CURCIE'S hands as an unconscious action due to Plaintiff ELDEN MACFARLANE'S Army training and mental condition/illness.

42)     Plaintiff ELDEN MACFARLANE could not breathe until he removed CORRECTIONS OFFICER CURCIE'S grip around his throat.

43)     After SUFFOLK COUNTY CORRECTIONS OFFICER CURCIE was no longer choking Plaintiff ELDEN MACFARLANE, Plaintiff ELDEN MACFARLANE placed his hands above his head and stated repeatedly he was not resisting.

44)     SUFFOLK COUNTY CORRECTIONS OFFICERS JOHN and JANE DOES # 1-10 returned to Plaintiff ELDEN MACFARLANE'S cell, hearing the commotion caused by CORRECTIONS OFFICER CURCIE'S choking of Plaintiff ELDEN MACFARLANE.

45)     Immediately, SUFFOLK COUNTY CORRECTIONS OFFICER CURCIE and SUFFOLK COUNTY CORRECTIONS OFFICERS JOHN and JANE DOES # 1-10 began to punch, kick, slam, and restrain Plaintiff ELDEN MACFARLANE upon returning to Plaintiff ELDEN MACFARLANE'S cell.

46)     Plaintiff ELDEN MACFARLANE was beaten about his head and body causing Plaintiff ELDEN MACFARLANE injury and pain.

47)     Plaintiff ELDEN MACFARLANE'S head was slammed against the bars of the cell by SUFFOLK COUNTY CORRECTIONS OFFICER CURCIE and SUFFOLK COUNTY CORRECTIONS OFFICERS JOHN and JANE DOES # 1-10.

48)     Afterwards, SUFFOLK COUNTY CORRECTIONS OFFICER CURCIE and his team SUFFOLK COUNTY CORRECTIONS OFFICERS JOHN and JANE DOES # 1-10 punched and beat Plaintiff ELDEN MACFARLANE with closed fists about his face.

49)     Plaintiff ELDEN MACFARLANE suffered bruising and swelling as a result of the closed fist beatings and attacks suffered at the hands of SUFFOLK COUNTY CORRECIONS OFFICER CURCIE and SUFFOLK COUNTY CORRECTIONS OFFICERS JOHN and JANE DOES # 1-10.

50)     SUFFOLK COUNTY CORRECTIONS OFFICERS kicked and struck Plaintiff ELDEN MACFARLANE'S right knee and leg which have endured operations as a result of his military service.

51)     Throughout this process, Plaintiff ELDEN MACFARLANE was handcuffed, and, albeit physically incapacitated and subsequently handcuffed, SUFFOLK COUNTY CORRECTIONS OFFICERS JOHN and JANE DOES # 1-10 and SUFFOLK COUNTY CORRECTIONS OFFICER CURCIE continued the assault upon Plaintiff ELDEN MACFARLANE by SUFFOLK COUNTY CORRECTIONS OFFICERS.

52)     Among other things, Plaintiff ELDEN MACFARLANE'S size requires a special restraining technique which SUFFOLK COUNTY CORRECTIONS OFFICER

CURCIE and his team SUFFOLK COUNTY CORRECTIONS OFFICERS JOHN and JANE DOES # 1-10 did not follow.

53)     Plaintiff ELDEN MACFARLANE was a mentally ill pre-trial detainee who was suffering from obesity. Defendants collectively were not properly trained or instructed in how to handle, *inter alia*, the restraint of the mentally ill, the treatment of the mentally ill, or the restraint of an obese or larger person that may require the utilization of two handcuffs as opposed to being cuffed singularly.

54)     The improper restraint of Plaintiff with one pair of handcuffs caused pain, torn skin, and swelling to Plaintiff ELDEN MACFARLANE'S wrists.

55)     Throughout the process of assaulting the handcuffed-Plaintiff, SUFFOLK COUNTY CORRECTIONS OFFICERS administered mace pepper spray at the face of Plaintiff ELDEN MACFARLANE while Plaintiff suffered improper restrain.

56)     SUFFOLK COUNTY CORRECTIONS OFFICER CURCIE and SUFFOLK COUNTY CORRECTIONS OFFICERS JOHN and JANE DOES # 1-10 forcibly removed Plaintiff ELDEN MACFARLANE from his cell and dragged him to the hallway.

57)     The SUFFOLK COUNTY CORRECTIONS OFFICERS continued their assault of Plaintiff ELDEN MACFARLANE in the hallway, punching Plaintiff ELDEN MACFARLANE in the face and back of his head, while still restrained

58)     SUFFOLK COUNTY CORRECTIONS OFFICER CURCIE and SUFFOLK COUNTY CORRECTIONS OFFICERS JOHN and JANE DOES # 1-10 dragged Plaintiff ELDEN MACFARLANE from the hallway to an elevator for transport.

59) SUFFOLK COUNTY CORRECTIONS OFFICER CURCIE and SUFFOLK COUNTY CORRECTIONS OFFICERS JOHN and JANE DOES # 1-10 halted the elevator with doors remaining closed to isolate Plaintiff ELDEN MACFARLANE out of the view of cameras, other inmates, and other CORRECTIONS OFFICERS.

60) Upon information and belief, SUFFOLK COUNTY CORRECTIONS OFFICER CURCIE and Defendants SUFFOLK COUNTY CORRECTIONS OFFICERS JOHN and JANE DOES # 1-10 did this in an effort to continue to assault Plaintiff ELDEN MACFARLANE.

61) While isolated in the elevator, Plaintiff ELDEN MACFARLANE was beat about the head and body by SUFFOLK COUNTY CORRECTIONS OFFICER CURCIE and Defendants SUFFOLK COUNTY CORRECTIONS OFFICERS JOHN and JANE DOES # 1-10.

62) As a result, Plaintiff ELDEN MACFARLANE suffered swollen blood-shot eyes, swollen lips, lacerations to his face, and bruising all over his face as a result of the assault by SUFFOLK COUNTY CORRECTIONS OFFICER CURCIE and SUFFOLK COUNTY CORRECTIONS OFFICERS JOHN and JANE DOES # 1-10.

63) SUFFOLK COUNTY CORRECTIONAL FACILITY falsely charged Plaintiff ELDEN MACFARLANE with administrative and criminal charges of assault, failure to comply, insolence and interference against an officer.

64) Upon information and belief, these false charges were brought in an effort to cover the beating of Plaintiff and silence Plaintiff ELDEN MACFARLANE from speaking

out against SUFFOLK COUNTY CORRECTIONS OFFICER CURCIE and SUFFOLK COUNTY CORRECTIONS OFFICERS JOHN and JANE DOES # 1-10 wrongdoings.

65)     Plaintiff ELDEN MACFARLANE filed a formal grievance requesting the aforementioned charges be dropped, that such charges were false and brought to improperly harm Plaintiff ELDEN MACFARLANE, and the SUFFOLK COUNTY CORRECTIONS OFFICER CURCIE and SUFFOLK COUNTY CORRECTIONS OFFICERS JOHN and JANE DOES # 1-10 be "retrained in dealing with mentally ill and physically disabled inmates."

66)     Upon information and belief, the Defendants, and all of them, have not received any training or retraining on how to properly handle inmates with mental illness or physical disabilities.

67)     Upon information and belief, Collective Defendants have not been reprimanded, disciplined, or retrained after attacking and beating Plaintiff ELDEN MACFARLANE.

68)     Plaintiff ELDEN MACFARLANE'S disciplinary hearing resulted in Plaintiff ELDEN MACFARLANE serving fifty days in solitary confinement for the alleged assault.

69)     Plaintiff ELDEN MACFARLANE'S remaining    charges    of    insolence, interference with an officer, and failure to comply were dismissed.

70)     Plaintiff ELDEN MACFARLANE was assaulted again by Defendants on July 18, 2007 as part of the pattern, practice, policy, trade, usage and/or custom allowed, implicitly or explicitly, by Defendants SUFFOLK COUNTY and SUFFOLK COUNTY SHERIFF'S OFFICE.

71)    On July 18, 2007, Plaintiff ELDEN MACFARLANE was sweeping after serving dinner.

72)    Prior to being assaulted by SUFFOLK COUNTY CORRECTIONS OFFICER CURCIE, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER CHRISTOPHER DEAN, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER FRANK MELE, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER JAMES ZAHN, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER GEORGE LYNN, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER DOUGLAS GUBITOSI,  and Defendants SUFFOLK COUNTY CORRECTIONS OFFICERS JOHN and JANE DOES # 1-10, ELDEN MACFARLANE was sweeping after serving dinner as such duties were required of Plaintiff ELDEN MACFARLANE by SUFFOLK COUNTY CORRECTIONAL FACILITY/SUFFOLK COUNTY SHERRIFF'S OFFICE.

73)    At this time, Plaintiff ELDEN MACFARLANE was still being detained in the Mental Health Unit and was still a detainee awaiting trial, innocent until proven guilty.

74)    While sweeping on July 18, 2007, Plaintiff ELDEN MACFARLANE was interrupted by SUFFOLK COUNTY CORRECTIONS OFFICER CURCIE and asked to leave his work area to speak with SUFFOLK COUNTY CORRECTIONS OFFICER FRANK MELE.

75)    Plaintiff ELDEN MACFARLANE set down the broom of which he was sweeping and walked away from the broom to meet SUFFOLK COUNTY CORRECTIONS OFFICER FRANK MELE, as per SUFFOLK COUNTY CORRECTIONS OFFICER CURCIE'S instruction and direction

76)     As per the direction of SUFFOLK COUNTY CORRECTIONS OFFICER CURCIE, Plaintiff ELDEN MACFARLANE waited for SUFFOLK COUNTY CORRECTIONS OFFICER FRANK MELE at the sallyport.

77)     Plaintiff ELDEN MACFARLANE was told to wait at the sallyport by SUFFOLK COUNTY CORRECTIONS OFFICER CURCIE. The sallyport was located, upon information and belief, in a secluded area outside of the view of, *inter alia*, cameras and others within the facility.

78)     SUFFOLK COUNTY CORRECTIONS OFFICER FRANK MELE approached Plaintiff ELDEN MACFARLANE and instructed Plaintiff ELDEN MACFARLANE to wait between the two tiers of the housing unit.

79)     Upon information and belief, Plaintiff ELDEN MACFARLANE was instructed to wait at the sallyport and then the housing unit in an effort to confuse and isolate Plaintiff ELDEN MACFARLANE so that the abovenamed Defendants could cause harm to Plaintiff ELDEN MACFARLANE outside the vision of other correctional officers and inmates.

80)     SUFFOLK COUNTY CORRECTIONS OFFICER FRANK MELE approached Plaintiff ELDEN MACFARLANE at the housing area.

81)     SUFFOLK COUNTY CORRECTIONS OFFICER FRANK MELE then threatened Plaintiff ELDEN MACFARLANE, causing Plaintiff ELDEN MACFARLANE to be placed in fear and apprehension of physical harm by SUFFOLK COUNTY CORRECTIONS OFFICER FRANK MELE.

82)     After threatening Plaintiff ELDEN MACFARLANE, SUFFOLK COUNTY CORRECTIONS OFFICER FRANK MELE proceeded to strike, punch, kick, and restrain Plaintiff ELDEN MACFARLANE albeit there was no provocation by Plaintiff.

83)     Upon information and belief, SUFFOLK COUNTY CORRECTIONS OFFICER FRANK MELE'S attack upon Plaintiff ELDEN MACFARLANE was premeditated and SUFFOLK COUNTY CORRECTIONS OFFICER FRANK MELE was joined by the other Defendant SUFFOLK COUNTY CORRECTIONS OFFICERS shortly after SUFFOLK COUNTY CORRECTIONS OFFICER FRANK MELE began to attack Plaintiff ELDEN MACFARLANE.

84)     SUFFOLK COUNTY CORRECTIONS OFFICER CURCIE, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER CHRISTOPHER DEAN, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER FRANK MELE, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER JAMES ZAHN, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER GEORGE LYNN, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER DOUGLAS GUBITOSI, and Defendants SUFFOLK COUNTY CORRECTIONS OFFICERS JOHN and JANE DOES # 1-10 took efforts in conspiring to harm Plaintiff ELDEN MACFARLANE on the basis of his being a mentally ill pretrial detainee and carrying the P.O.S. label.

85)     SUFFOLK COUNTY CORRECTIONS OFFICER FRANK MELE was joined by SUFFOLK COUNTY CORRECTIONS OFFICERS JOHN and JANE DOES # 1-10 and the assault continued.

86)    The Defendant SUFFOLK COUNTY CORRECTIONS OFFICERS JOHN and JANE DOES # 1-10 slammed Plaintiff ELDEN MACFARLANE to the ground.

87)    While on the ground, Plaintiff ELDEN MACFARLANE was shackled and restrained by handcuffs attached to his wrists, by many SUFFOLK COUNTY CORRECTIONS OFFICERS JOHN and JANE DOES # 1-10.

88)    The Defendant SUFFOLK COUNTY CORRECTIONS OFFICERS JOHN and JANE DOES # 1-10 raised Plaintiff ELDEN MACFARLANE to his knees.

89)    Three of the Defendant SUFFOLK COUNTY CORRECTIONS OFFICERS JOHN and JANE DOES # 1-10 held Plaintiff ELDEN MACFARLANE in place on his knees.

90)    SUFFOLK COUNTY CORRECTIONS OFFICERS JOHN and JANE DOES # 1-10 continued to strike Plaintiff ELDEN MACFARLANE about his head and face while restrained and held by SUFFOLK COUNTY CORRECTIONS OFFICERS.

91)    SUFFOLK COUNTY CORRECTIONS OFFICERS JOHN and JANE DOES # 1-10 employed weapons including, but not limited to, "night sticks" to aid in the assault and beating of Plaintiff ELDEN MACFARLANE.

92)    After the beating, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER FRANK MELE and SUFFOLK COUNTY CORRECTIONS OFFICER FLOOR MCKENNE falsely charged Plaintiff ELDEN MACFARLANE with failure to obey a direct order, interference with a staff member, destruction of county property, harassment and threats toward an officer, and assault.

93)     Plaintiff ELDEN MACFARLANE was beaten until an unidentified Latino SUFFOLK COUNTY CORRECTIONAL OFFICER intervened and stopped the assault visited upon Plaintiff MACFARLANE.

94)     Plaintiff ELDEN MACFARLANE was examined by the Medical Examiner, employed by SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S DEPARTMENT and the SUFFOLK COUNTY CORRECTIONAL FACILITY, after the assault.

95)     The Medical Examiner rushed Plaintiff ELDEN MACFARLANE to the Peconic Bay Medical Center.

96)     While at the Peconic Bay Medical Center Plaintiff ELDEN MACFARLANE was examined and treated by Hospital Staff. Plaintiff ELDEN MACFARLANE underwent physical examinations and MRI scans.

97)     Plaintiff ELDEN MACFARLANE received treatment for injuries including, but not limited to, a perforated eardrum, multiple contusions to the head and face, and bruising along the head, face, and chest.

98)     Plaintiff ELDEN MACFARLANE completed an Inmate Grievance Form on July 20, 2007 regarding the charges filed against him by SUFFOLK COUNTY CORRECTIONS OFFICER FANK MELE.

99)     Plaintiff ELDEN MACFARLANE alleged the disciplinary report against him is fraudulent, inaccurate, and filed incorrectly.

100)    Plaintiff ELDEN MACFARLANE created another Inmate Grievance Form addressing the July 18, 2007 assault on July 20, 2007.

101)   In that July 20, 2007 Grievance Form, Plaintiff ELDEN MACFARLANE stated that he was presented with an incomplete, inaccurate, and false "Notice of Charges and Basis for Disciplinary Actions Reports" after returning from the Peconic Bay Medical Center.

102)   Plaintiff ELDEN MACFARLANE states he was sedated and medicated when presented with the inaccurate and false disciplinary statement in his July 20, 2007 Grievance Form.

103)   Plaintiff ELDEN MACFARLANE stated the inaccurate and false disciplinary form was created to unfairly punish him.

104)   A disciplinary hearing was initiated against Plaintiff ELDEN MACFARLANE on July 23, 2007.

105)   Plaintiff ELDEN MACFARLANE was charged with failure to obey a direct order, interference with a staff member, destruction of county property, assault, and harassment.

106)   Plaintiff ELDEN MACFARLANE requested inmate assistance and witnesses for the hearing due to Plaintiff ELDEN MACFARLANE'S stated concern that he could not proceed without the assistance of counsel because of his diagnoses.

107)   The disciplinary hearing was postponed to July 24, 2007.

108)   Plaintiff ELDEN MACFARLANE filed an Inmate Grievance Form against SUFFOLK COUNTY CORRECTIONS OFFICER JAMES ZAHN and SUFFOLK COUNTY

CORRECTIONS OFFICER CHRISTOPHER DEAN for unfair conduct and denying inmate assistance and witnesses.

109)   Plaintiff ELDEN MACFARLANE was found guilty of three of the five charges, including assault on SUFFOLK COUNTY CORRECTIONS OFFICER FRANK MELE.

110)   As a result, Plaintiff ELDEN MACFARLANE was sentenced to seventy-one days of solitary confinement and was required to be shackled whenever he left the housing unit.  This included court appearances for Plaintiff ELDEN MACFARLANE'S pending criminal trial.

111)   Plaintiff ELDEN MACFARLANE was charged by a Grand Jury of Suffolk County for charges the disciplinary committee found Plaintiff ELDEN MACFARLANE guilty.

112)   Plaintiff ELDEN MACFARLANE was required to appear for trial before the Honorable Judge Doyle.

113)   The Honorable Judge Doyle dismissed all charges against Plaintiff ELDEN MACFARLANE.

## AS AND FOR A FIRST COUNT
## 42 U.S.C. § 1983 – EXCESSIVE USE OF FORCE

114)   Plaintiff ELDEN MACFARLANE repeats and re-alleges each and every allegation contained in paragraph 1 through 113 of this Second Amended Complaint with the same force and effect as though fully set forth herein.

115)   Plaintiff ELDEN MACFARLANE did not present a danger to any SUFFOLK COUNTY CORRECTIONS OFFICERS July 18, 2007 at the SUFFOLK COUNTY CORRECTIONAL FACILITY.

116)   The vicious beating Plaintiff ELDEN MACFARLANE sustained at the hands of Defendant SUFFOLK COUNTY, Defendant SUFFOLK COUNTY SHERIFF'S OFFICE, Defendant SUFFOLK COUNTY CORRECTIONS OFFICERS, including but not limited to SUFFOLK COUNTY CORRECTIONS OFFICER CURCIE, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER CHRISTOPHER DEAN, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER FRANK MELE, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER JAMES ZAHN, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER GEORGE LYNN, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER DOUGLAS GUBITOSI and   SUFFOLK COUNTY CORRECTIONS OFFICERS JOHN AND JANE DOES # 1- 10 constituted unreasonable and excessive force by a corrections officer. Such actions were negligent, reckless, careless, unreasonable, and unauthorized, as Defendants had a duty not to subject Plaintiff ELDEN MACFARLANE to vicious and abusive actions, but failed to prevent the same and breached their duty.

117)   The actions by SUFFOLK COUNTY CORRECTIONS OFFICERS was in violation of the rights promised to Plaintiff ELDEN MACFARLANE under the 4th, 5th, and 14th Amendments to the United States Constitution. In doing so, Defendants violated clearly established law and the rights to which Plaintiff ELDEN MACFARLANE was entitled and did so with recklessness, callous indifference to the outcome of their actions and with malice, all in violation of 42 U.S.C. § 1983.

118)   As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of State and Federal laws, Plaintiff was deprived of his freedom, was made to suffer physical injuries, great pain and suffering, and continues to suffer physical pain and mental and emotion distress as a result of the aforesaid unlawful conduct of the Defendants.

119)   That by reason of the foregoing, plaintiff ELDEN MACFARLANE suffered and continues to suffer irreparable injury and monetary damages, as well as punitive damages, attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A SECOND COUNT
### 42 U.S.C. § 1983 – MUNICIPAL LIABILITY

120)   Plaintiff ELDEN MACFARLANE repeats and re-alleges each and every allegation contained in paragraph 1 through 119 of this Second Amended Complaint with the same force and effect as tough fully set forth herein.

121)   Prior to July 18, 2007 and since, Defendants SUFFOLK COUNTY and SUFFOLK COUNTY SERIFF'S OFFICE have permitted and tolerated a pattern and practice of unjustified, unreasonable, and illegal uses of force, abuse of authority, and beatings by SUFFOLK COUNTY CORRECTIONS OFFICERS of SUFFOLK COUNTY,

New York upon its pretrial detainees, specifically those detainees who suffer from mental illness or are placed within the Mental Health Observation Unit.

122)   Prior to July 18, 2007 and since, Defendants SUFFOLK COUNTY and SUFFOLK COUNTY SHERIFF'S OFFICE have failed to properly train SUFFOLK COUNTY CORRECTIONS OFFICERS in proper procedure to handle mentally ill and physically disabled inmates.   SUFFOLK COUNTY'S and the SUFFOLK COUNTY SHERIFF'S OFFICE'S failure to properly train Defendant SUFFOLK COUNTY CORRECTIONS OFFICERS created the environment which permitted unjustified, unreasonable, and illegal uses of force, abuse of authority, and beatings.

123)   Although the actions of SUFFOLK COUNTY CORRECTIONS OFFICERS including but not limited to beatings, use of force, abuse of process, malicious prosecution, and beatings were improper, the SUFFOLK COUNTY CORRECTIONS OFFICERS involved were not seriously investigate, prosecuted, disciplined, or subjected to restraint, and such incidents were in fact covered up with official claims that the, including but not limited to, beatings and use of force were justified and proper.   As a result, SUFFOLK COUNTY CORRECTIONS OFFICERS within their jurisdiction were caused and encouraged to believe that mentally ill and physically disabled inmates could be beaten or abused under circumstances not requiring the use of excessive force, and that such abuse, use of force, and improper restraints would in fact be permitted by SUFFOLK COUNTY and the SUFFOLK COUNTY SHERIFF'S OFFICE.

124)   In addition to permitting a pattern and practice of improper use of force and a failure to properly train Defendant SUFFOLK COUNTY CORRECTIONS OFFICERS, SUFFOLK COUNTY and SUFFOLK COUNTY SHERIFF'S OFFICE failed to maintain a

proper system of investigation of all incidents of unjustified use of force, abuses of authority, abuse of authority, abuse of process, and improper use of force and detention by SUFFOLK COUNTY CORRECTIONS OFFICERS.

125)    SUFFOLK COUNTY failed to respond to the continuing and urgent need to prevent, restrain, and discipline corrections officers who wrongly beat, abuse authority, use excessive force, and abuse the mentally and physically disabled and SUFFOLK COUNTY has failed to find that inmate complaints against corrections officers are founded or valid in anyway, therefore SUFFOLK COUNTY is liable under 42 U.S.C. § 1983 because SUFFOLK COUNTY has had actual and/or constructive knowledge of the patterns and practices of abuse and excessive force employed against inmates by its corrections officers, employees, ad/or agents in violation of the United States Constitution, and because SUFFOLK COUNTY and SUFFOLK COUNTY SHERIFF'S OFFICE un-meaningful policy and custom for reviewing complaints of misconduct, the Defendant Corrections Officers  relied upon that flawed policy to continue their pattern and practice of their abusive authority, physical abuse, excessive force, abuse of process, and malicious prosecution, all in violation of Plaintiff ELDE MACFARLANE'S rights.

126)    SUFFOLK COUNTY and SUFFOLK COUNTY SHERIFF'S OFFICE have maintained a system of review of unjustified restraint, beatings, and excessive use of force by corrections officers that has failed to identify the improper abuses out authority, abuse of process, and excessive force by corrections officers and failed to subject officers who abused and beat inmates to closer supervision or restraint, to the extent that it has become the custom of SUFFOLK COUNTY and SUFFLK COUNTY SHERIFF'S OFFICE

to tolerate the improper abuses of authority, beatings, abuses of process, unlawful restraint, and excessive force by corrections officers.

127)    Further, SUFFOLK COUNTY and the SUFFOLK COUNTY SHERIFF'S OFFICE, who maintain supervisory and/or decision-making positions, permitted a pattern and practice of improper investigation, supervision, discipline, and retention of Defendant SUFFOLK COUNTY CORRECTIONS OFFICERS.   SUFFOLK COUNTY and the SUFOLK COUNTY SHERIFF'S OFFICE also refused and failed to prosecute the Defendant SUFFOLK COUNTY CORRECTIONS OFFICERS thereby improperly and in violation of Plaintiff ELDEN MACFARLANE'S rights neglected, failed, and/or delayed in administering an investigation of the circumstances in the instant matter and neglected, failed, and/or delayed in presenting the matter to the District Attorney of the County of Suffolk for presentation to the Grand Jury.

128)    Upon information and belief, specific systematic flaws in SUFFOLK COUNTY and the SUFFOLK COUNTY SHERIFF'S OFFICE complaint and/or brutality review process include, but are not limited to, the following:

> a.    Preparing reports regarding investigations of beatings and abuse incidents as routine point-by-point justifications of corrections officer actions, regardless of whether such actions are justified;
>
> b.    Corrections officers investigating beatings systemically fail to credit testimony by non-corrections officer witnesses, and uncritically rely on reports by corrections officers involved in the incident;
>
> c.    Corrections officers investigating beatings fail to include in their reports relevant factual information which would tend to contradict the statements of the police officers involved;

d.      Reports in excessive force cases are not reviewed for accuracy by supervisory corrections officers.  Conclusions are frequently permitted to be drawn on the basis of clearly incorrect or contradictory information.

e.      Upon information and belief, perfunctory, cover-up and false reports of corrections officer review are frequently permitted to be drawn on the basis of clearly incorrect or contradictory information.

129)   As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of State and Federal laws, Plaintiff ELDEN MACFARLANE was made to suffer physical injuries, great pain and suffering, and was subjected to great fear and terror, and continues to suffer physical pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendant SUFFOLK COUNTY CORRECTIONS OFFICERS.

130)   That by reason of the foregoing, Plaintiff ELDEN MACFARLANE suffered and continues to suffer irreparable injury and monetary damages, as well as punitive damages, attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A THIRD COUNT
## 42 U.S.C. § 1983 – NEGLIGENT SUPERVISION/FAILURE TO SUPERVISE

131)   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 129 of this Second Amended Complaint with the same force and effect as though fully set forth herein

132)   At all times relevant to the claims in this matter, Defendant SUFFOLK COUNTY, Defendant SUFFOLK COUNTY SHERIFF'S OFFICE, SUFFOLK COUNTY CORRECTIONS OFFICER CURCIE, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER CHRISTOPHER DEAN, Defendant SUFFOLK COUNTY CORRECTIONS

OFFICER FRANK MELE, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER JAMES ZAHN, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER GEORGE LYNN, and Defendant SUFFOLK COUNTY CORRECTIONS OFFICER DOUGLAS GUBITOSI as state actors and administrators of the SUFFOLK COUNTY CORRECTIONAL FACILITY, have a duty to protect Plaintiff ELDEN MACFARLANE and provide and maintain an environment of safety in which Plaintiff ELDEN MACFARLANE would await trial.

133) The duty of Defendant SUFFOLK COUNTY, Defendant SUFFOLK COUNTY SHERIFF'S OFFICE, SUFFOLK COUNTY CORRECTIONS OFFICER CURCIE, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER CHRISTOPHER DEAN, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER FRANK MELE, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER JAMES ZAHN, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER GEORGE LYNN, and Defendant SUFFOLK COUNTY CORRECTIONS OFFICER DOUGLAS GUBITOSI to provide and ensure the safety of inmates residing in the SUFFOLK COUNTY CORRECTIONAL FACILITY was further heightened by Collective Defendants ongoing awareness of complaints and concerns raised by Plaintiff ELDEN MACFARLANE to its agents, servants, designees, and/or employees.

134) Defendant SUFFOLK COUNTY, Defendant SUFFOLK COUNTY SHERIFF'S OFFICE, SUFFOLK COUNTY CORRECTIONS OFFICER CURCIE, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER CHRISTOPHER DEAN, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER FRANK MELE, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER JAMES ZAHN, Defendant SUFFOLK

COUNTY CORRECTIONS OFFICER GEORGE LYNN, and Defendant SUFFOLK COUNTY CORRECTIONS OFFICER DOUGLAS GUBITOSI were required under the Fourth and Fourteenth Amendment to the United States Constitution to protect Plaintiff ELDEN MACFARLANE'S rights including, but not limited to, personal security, bodily integrity, and protection.

135)   Defendant SUFFOLK COUNTY, Defendant SUFFOLK COUNTY SHERIFF'S OFFICE, SUFFOLK COUNTY CORRECTIONS OFFICER CURCIE, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER CHRISTOPHER DEAN, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER FRANK MELE, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER JAMES ZAHN, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER GEORGE LYNN, and Defendant SUFFOLK COUNTY CORRECTIONS OFFICER DOUGLAS GUBITOSI were negligent, grossly negligent, careless, and/or reckless, in failing to properly supervise and train Collective Defendants for unjustified uses of force and abuse against inmates, particularly Plaintiff ELDEN MACFARLANE.

136)   Defendant SUFFOLK COUNTY SHERIFF'S OFFICE, SUFFOLK COUNTY CORRECTIONS OFFICER CURCIE, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER CHRISTOPHER DEAN, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER FRANK MELE, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER JAMES ZAHN, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER GEORGE LYNN, and Defendant SUFFOLK COUNTY CORRECTIONS OFFICER DOUGLAS GUBITOSI acted negligently in that they had a duty to act reasonably and responsibly and not act in a manner that would cause injury and/or harm or the threat of harm to

Plaintiff ELDEN MACFARLANE.  Defendants has a duty not to subject Plaintiff ELDEN MACFARLANE to excessive force, assault, or battery.  Defendants had a duty to act as would prudent corrections officers, by not taking actions which would endanger the life of Plaintiff ELDEN MACFARLANE and not use excessive force or otherwise violating the Constitutional and civil rights of Plaintiff.  Defendants' in their actions, breached those duties.

137)   Defendant SUFFOLK COUNTY, Defendant SUFFOLK COUNTY SHERIFF'S OFFICE, SUFFOLK COUNTY CORRECTIONS OFFICER CURCIE, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER CHRISTOPHER DEAN, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER FRANK MELE, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER JAMES ZAHN, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER GEORGE LYNN, and Defendant SUFFOLK COUNTY CORRECTIONS OFFICER DOUGLAS GUBITOSI violated Plaintiff ELDEN MACFARLANE'S rights secured under the United States Constitution and 42 U.S.C. § 1983, and were careless, negligent, and reckless in the care and treatment of Plaintiff EDLEN MACFARLANE by failing to train, supervise, discipline, and investigate SUFFOLK COUNTY CORRECTIONS OFFICER CURCIE, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER CHRISTOPHER DEAN, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER FRANK MELE, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER JAMES ZAHN, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER GEORGE LYNN, and Defendant SUFFOLK COUNTY CORRECTIONS OFFICER DOUGLAS GUBITOSI.

138)   In the acts complained of herein, each of the Defendants acted negligently in that Defendant SUFFOLK COUNTY and Defendant SUFFOLK COUNTY SHERIFF'S OFFICE had a duty to protect Plaintiff ELDEN MACFARLANE from harm and were responsible for his care and safety as a mentally ill inmate awaiting trial. Furthermore, Defendant SUFFOLK COUNTY, Defendant SUFFOLK COUNTY SHERIFF'S OFFICE, SUFFOLK COUNTY CORRECTIONS OFFICER CURCIE, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER CHRISTOPHER DEAN, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER FRANK MELE, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER JAMES ZAHN, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER GEORGE LYNN, and Defendant SUFFOLK COUNTY CORRECTIONS OFFICER DOUGLAS GUBITOSI had a duty to properly investigate, act within the scope of their authority, and not to falsely detain, falsely accuse, charge, prosecute, use excessive force, or otherwise violate the Constitutional and civil rights of Plaintiff ELDEN MACFARLANE, and in that they breached said duty.

139)   Defendant SUFFOLK COUNTY and Defendant SUFFOLK COUNTY SHERIFF'S OFFICE acted negligently in its failure to supervise its employees, including, but not limited to, SUFFOLK COUNTY CORRECTIONS OFFICER CURCIE, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER CHRISTOPHER DEAN, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER FRANK MELE, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER JAMES ZAHN, Defendant SUFFOLK COUNTY CORRECTIONS OFFICER GEORGE LYNN, and Defendant SUFFOLK COUNTY CORRECTIONS OFFICER DOUGLAS GUBITOSI from causing the egregious

unconstitutional actions taken against Plaintiff ELDEN MACFARLANE listed in the paragraph directly *supra*.

140)  That by reason of the foregoing, Plaintiff ELDEN MACFARLANE suffered and continues to suffer irreparable injury and monetary damages, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

**WHEREFORE** Plaintiff demands judgment against Defendants:

a)  on the First Count in the sum of FIVE HUNDRED THOUSAND ($500,000) DOLLARS;

b)  on the Second Count in the sum of FIVE HUNDRED THOUSAND ($500,000) DOLLARS;

c)  on the Third Count in the sum of FIVE HUNDRED THOUSAND ($500,000) DOLLARS;

d)  Punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000) DOLLARS;

e)  Award attorney's fees and costs of this action to the Plaintiff pursuant to 42 U.S.C. § 1988;

f)  Declaratory Judgment that Defendants willfully violated Plaintiff's rights secured by federal and state law alleged herein;

g)  Injunctive relief, requiring defendants to correct all past violations of federal and state law as alleged herein; to enjoin Defendants from continuing to violate federal and state law as alleged herein; and to order such other

injunctive relief as may be appropriate to prevent any future violations of said federal and state laws;

h) Award such other and further relief as this Court may deem appropriate

### *A JURY TRIAL IS HEREBY DEMANDED*

Dated: Suffolk, New York
   December 22, 2017

         Respectfully submitted,


         THE LAW OFFICES OF
         DAVID A. ADHAMI

         By: /S/
         *Attorney(s) for Plaintiff*
         **DAVID A ADHAMI, ESQ. (DA7766)**
         **216 LAKEVILLE ROAD**
         **GREAT NECK, NEW YORK 11020**


         THE LAW OFFICES OF
         CORY H. MORRIS

         By:   **/S/**
         *Attorney(s) for Plaintiff*
         **CORY H. MORRIS, P.C.**
         **CORY MORRIS, ESQ. (CM5225)**
         **33 WALT WHITMAN RD, SUITE 310**
         **DIX HILLS, NEW YORK 11746**