UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ELDEN MACFARLANE, | | |
| | Plaintiff, | **ANSWER TO SECOND AMENDED COMPLAINT** |
| -against- | | |
| CHARLES EWALD, et al. SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S OFFICE, SUFFOLK COUNTY CORRECTIONS OFFICER CHRISTOPHER DEAN in his official and individual capacities, SUFFOLK COUNTY CORRECTIONS OFFICER FRANK MELE in his official and individual capacities, SUFFOLK COUNTY CORRECTIONS OFFICER JAMES ZAHN in his official and individual capacities, SUFFOLK COUNTY CORRECTIONS OFFICER GEORGE LYNN in his official and individual capacities, and SUFFOLK COUNTY CORRECTIONS OFFICER DOUGLAS GUBITOSI in his official and individual capacities | | 10-cv-2877(JFB)(ARL) **JURY TRIAL DEMANDED** |
| | Defendants. | |

Defendants, Charles Ewald, Suffolk County, Suffolk County Sheriff's Office, Christopher Dean, Frank Mele, James Zahn, George Lynn and Douglas Gubitosi, by their attorney, Dennis M. Brown, Suffolk County Attorney, by Arlene S. Zwilling, Assistant County Attorney, answering plaintiff's second amended complaint ("the complaint") respectfully:

1. Aver that the allegations contained in the paragraphs numbered 1, 2, 3, 4, 6 and 7 of the complaint characterize the legal action being brought and purport to invoke the jurisdiction

1

of the Court pursuant to the enumerated statutes and, as such, make no answer save to demand strict proof thereof and to deny any conduct giving rise to any cause of action thereunder.

2. Deny, upon information and belief, the allegations contained in the paragraphs numbered 5, 8, 9 and 14 of the complaint.

3. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 13, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112 and 113 of the complaint.

## AS TO THE FIRST COUNT

4. Answering the paragraph numbered 114 of the complaint repeat reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

5. Deny, upon information and belief, the allegations contained in the paragraphs numbered 115, 116, 117, 118 and 119 of the complaint.

## AS TO THE SECOND COUNT

6. Answering the paragraph numbered 120 of the complaint repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

7. Deny, upon information and belief, the allegations contained in the paragraphs numbered 121, 122, 123, 24, 125, 126, 127, 128, 129 and 130 of the complaint.

## AS TO THE THIRD COUNT

8. Answering the paragraph numbered 131 of the complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

9. Deny, upon information and belief, the allegations contained in the paragraphs numbered 132, 133, 134, 135, 136, 137, 138, 139 and 140 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

10. That the complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

11. That the County of Suffolk is not, and may not be held, liable for the acts of the Suffolk County Sheriff.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

12. That the damages sustained by plaintiff, if any, were caused by the plaintiff's own culpable and/or negligent conduct.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

13. That the complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

14. That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

15. That no custom or usage adopted, followed, endorsed or ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

16. That the doctrines of respondeat superior and vicarious liability do not apply to a civil rights claim.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

17. That municipal defendants are not liable for punitive damage awards.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

18. That plaintiff has failed to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

19. That plaintiff's claims, if any, are in whole or in part, barred by the doctrines of collateral estoppel and/or res judicata.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

20. That plaintiff's claims, if any, are barred in whole or in part by the statute of limitations.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

21. That defendants' actions, if any, were justified by the facts and circumstances presented.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

22. That the defendants, at all times complained of, acted reasonably and in good

faith in the discharge of their official duties and responsibilities.

23. That defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

24. That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

25. That in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

26. That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

27. To the extent that the complaint purports to set forth any supplemental state law claims, they are barred by the plaintiff's failure to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

28. To the extent that the complaint purports to set forth any supplemental state law claims, they are barred by the statute of limitations.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

29. That this inmate claim is barred by the provisions of 42 USC §1997.

WHEREFORE, defendants demand judgment against the plaintiff dismissing the complaint, together with the costs, disbursements and reasonable attorneys' fees of this action, and for such other and further relief as this Court deems just and proper.

DATED: Hauppauge, New York
January 2, 2017

                                                Yours etc.,
                                                Dennis M. Brown
                                                Suffolk County Attorney
                                                Attorney for Defendants
                                                H. Lee Dennison Building
                                                100 Veterans Memorial Highway
                                                Hauppauge, New York 11788

                              By:     */s/ Arlene S. Zwilling*
                                                Arlene S. Zwilling
                                                Assistant County Attorney

TO:

Cory H. Morris, Esq.
The Law Offices of Cory H. Morris
33 Walt Whitman Rd, Suite 310
Dix Hills, New York 11746