

LAW OFFICES OF
CORY H. MORRIS
ATTORNEY &
COUNSELOR AT LAW

## *Via Electronic Case Filing Only*

November 5, 2018

Magistrate Judge Arlene R. Lindsay
Eastern District New York
100 Federal Plaza
Central Islip. NY 11722

    **Re:**    Proposed Joint Pretrial Order Submission;

    **Case: <u>MacFarlane v. Ewald, et. al., Docket # 10-cv-2877-JFB-ARL;</u>**

Dear Hon. Judge Lindsay:

    This office was appointed to represent the Plaintiff in the above matter. Enclosed hereto is the amended joint pretrial order submitted with the consent of defense counsel after Plaintiff's previously application to the Court reserving his right to supplement this order based on late production of Court Ordered discovery.

    The enclosed joint pretrial order now reflects Defendants' production as per Court Order, D.E. 153.

    We thank the Court for its kind consideration and look forward to the conference before this Honorable Court scheduled for tomorrow afternoon.

                    Respectfully Submitted

                    Cory H. Morris
                  *Attorneys for Plaintiff MacFarlane*

**Please send all mail to:** 33 Walt Whitman Road, Suite 310 • Dix Hills, NY 11746
TEL: **631.450.2515** | FAX: **631.223.7377** | WEB: **coryhmorris.com** | EMAIL: **info@coryhmorris.com**
515 East Las Olas Boulevard, Suite 120 • Fort Lauderdale, FL 33301   *By appointment only*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

=====================================

ELDEN MACAFRLANE,

            *Plaintiff,*

     -against-

SUFFOLK COUNTY CORRECTIONAL
FACILITY, et al.

       *Defendants.*

=====================================

**DRAFT**

***PROPOSED JOINT***

<u>**PRETRIAL ORDER**</u>

<u>Docket No.:</u>
**15-cv-2024(JFB)(ARL)**

<u>**PROPOSED JOINT PRE-TRIAL ORDER**</u>

<u>**COUNSELS**</u>

**LAW OFFICES OF CORY H. MORRIS**
**CORY H. MORRIS**
*Attorney for Plaintiff*
33 Walt Whitman Road
Dix Hills, New York 11746
Telephone: (631) 450-2515
Fax: (631) 223-7377
E-mail: <u>info@coryhmorris.com</u>

**Arlene S. Zwilling, Assistant County Attorney**
for Dennis M. Brown, Suffolk County Attorney
Attorney for Defendants
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788-0099
(631) 853-4055
Fax: (631) 853-5169
<u>arlene.zwilling@suffolkcountyny.gov</u>

## SUBJECT MATTER JURISDICTION

### Plaintiff States:

The jurisdiction of this Court is invoked under 21 U.S.C. § 1331 and 28 U.S.C. § 1343. The exercise of pendant jurisdiction by this Court is appropriate in this matter with respect to Plaintiff's state law claims pursuant to 28 U.S.C. §1367. Plaintiff submits that this Court maintains subject matter jurisdiction over Plaintiff's claims as outlined in the Complaint.

Defendants do not dispute that there is subject matter jurisdiction.

## Plaintiff's CLAIMS

Plaintiff Elden MacFarlane, self-described as a mental health pretrial detainee, alleges violations of his 4th, 5th, and 14th Amendment protections against collective defendants who utilized excessive and inappropriate force against him on or about July 18, 2007. Plaintiff suffered a perforated eardrum, bruising, and multiple contusions to the face, ear, and chest due to, *inter alia,* Defendants' willful misconduct, failure to intervene, pattern and practice, and lack of training as it relates to proper procedure and care of mentally ill and physically disabled inmates.

Plaintiff's constitutional rights were violated when Defendants' attacked and beat Plaintiff. Title 42 U.S.C. § 1983 provides "a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 923-924, 102 S.Ct. 2744, 2747 (1982). Title 42 U.S.C. § 1983 does not create substantive rights itself; "it provides a procedure for redress for the deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816, 105 S.Ct. 2427, 2432 (1985); see *Baker v. McCollan*, 443 U.S.

2

137, 140, 144, n. 3, 99 S.Ct. 2689,2692, 2694, n. 3, 61 L.Ed.2d 433 (1979); *Sykes v. James*, 13 F.3d 515, 519 (2d Cir.1993); *Cespedes v. Coughlin*, 956 F.Supp. 454, 464 (S.D.NY. 1997). "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)).

## [1] *Fourth Amendment*

Excessive force may violate the Fourth Amendment, the Fifth Amendment, or the Fourteenth Amendment depending on how and to what ends the excessive force is used. *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865 (1989); *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473, 192 L.Ed.2d 416 (2015). A "detainee's rights are "at least as great as the Eighth Amendment protections available to a convicted prisoner."" *Nakita Moore, jahmel lawyer, peter Eppel, Plaintiffs v. 12 2010 12 2010* (2d Cir. 2017); *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). The Fourth Amendment, in part, reads "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated..." U.S. Const. amend. IV. The Fifth Amendment's due process clause reads "[n]o person shall ... be deprived of life, liberty, or property, without due process of law..." U.S. Const. amend. V. The Fourteenth Amendment provides "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV.

3

As recognized by the Second Circuit, a "pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment. A pretrial detainee's claims are governed by the Fourteenth Amendment Due Process Clause rather than the Eighth Amendment Cruel and Unusual Punishments Clause because "pretrial detainees have not been convicted of a crime and thus may not be punished in any manner - neither cruelly nor otherwise." *Iqbal v. Hasty*, 490 F.3d 143, 168 (2d Cir. 2007), rev'd on other grounds sub nom., *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009); *Nakita Moore, jahmel lawyer, peter Eppel, Plaintiffs v. 12 2010 12 2010* (2d Cir. 2017). Plaintiff Elden MacFarlane alleges that Defendants violated his rights when defendants employed excessive force in the course of their duties.

The Court should consider the following on whether the force utilized by Defendants was reasonable:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the office; and whether the plaintiff was actively resisting.

*Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473, 192 L.Ed.2d 416 (2015) (external quotation marks omitted); see *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 1871 (1989). This is not an exhaustive list. Each factor may not be necessary to prove excessive force was utilized by the Defendants. The Supreme Court in *Kingsley* determined the "appropriate standard for a pretrial detainee's excessive force claim is solely an objective one." *Id.*

4

The Supreme Court has held that "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 2472. This standard, the Court concluded is to be employed from the perspective of a reasonable officer at the scene where the excessive force was used. *Id.* at 2473. Based on this new objective unreasonableness standard, a pretrial detainee need only provide "objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Id.* at 2469; *Bell v. Wolfish*, 441 U.S. 520, 561, 99 S.Ct. 1861, 1886 (1979). The Supreme Court noted that deference to the policies and practices employed by those who manage the jail for the purpose of institutional security and order is appropriate for the excessive force analysis of pretrial detainees; however, the Supreme Court made clear that an objective standard must be utilized in determining whether the force utilized against a pretrial detainee was excessive. *Id.* at 2473, 2474

### [2] *Monell Liability*

Plaintiff Elden MacFarlane alleges the corrections officers of Suffolk County Correctional Center engaged in a pattern and practice of using excessive force to control inmates. Plaintiff Elden MacFarlane alleges that Suffolk County Corrections Officers would regularly beat the inmates; specifically, the inmates in the Mental Health Observation Unit.

Title 42 U.S.C. § 1983 reads

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution

5

and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

The use of "person" in the statute is intended to include municipalities and other local government units. *Monell v. Department of Social Services of City of New York*, 436, U.S. 658, 690, 98 S.Ct. 2018, 2035. Municipalities are not entitled to absolute immunity. *Id.* at 701. The first inquiry into municipal liability arising out of a § 1983 claim is "whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton Ohio v. Harris*, 489 U.S. 378, 387, 109 S.Ct. 1197, 1203 (1989). Municipalities may be liable under Title 42 U.S.C. § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Id. at 690. Further, municipalities may be sued for constitutional deprivations pursuant to "custom" even when that custom has not been formally approved by the municipality's proper decision-making channels. *Id.* "[C]onstitutional violations by government officials that are "persistent and widespread" can be "so permanent and well settled as to constitute a custom or usage with the force of law, and thereby generate municipal liability." *Houston v. Cotter*, 2016 WL 1253391 (E.D.N.Y. Mar 30, 2016); *Sorlucco v. N.Y.C. Police Dep't*, 971 F.2d 864, 870–71 (citing *Monell*, 436 U.S. at 691) (internal quotation marks omitted).

> A municipality can be liable for a constitutional violation under the Supreme Court's decision in Monell in several ways. Two of those bases are relevant here. First, a plaintiff can establish that "the violation of his constitutional right resulted from a municipal custom or policy." *DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks omitted). Second, a plaintiff can establish that his constitutional right was violated because of a single decision by a municipal official who is "responsible for establishing final policy with respect to the subject matter in question."

6

*Pembaur v. City of Cincinnati*, 475 U.S. 469, 483, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986).

*Norton v. Town of Islip*, 2017 WL 440131 (Summary Order). The courts have recognized three instances where a municipality violates constitutional protections due to policy: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) "a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute custom or usage with the force of law"; and (3) an allegation that the constitutional injury was caused by a person with "final policy making authority". *Monell*, 436 U.S. at 690; *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127, 108 S.Ct. 915, 926 (1988) (plurality opinion); *Praprotnik*, 485 U.S. at 123 (Brennan J., concurring).

A municipality may be held liable for inadequate or lack of training or supervision of municipal employees under Title 42 U.S.C. § 1983. "The issue ... is whether that training program is adequate; and if it is not, the question becomes whether such inadequate training can justifiably be said to represent "city policy"". *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390, 109 S.Ct. 1197, 1205 (1989). Failure to and inadequacy of training may only serve as basis of liability under Title 42 U.S.C. § 1983 where that failure rises to deliberate indifference to the rights of persons with whom the police come into contact. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 1204 (1989). Deliberate indifference "requires that city policy makers made a "deliberate choice ... from among various alternatives" not to fully train employees." *Walker v. City of New York*, 974 F.2d 293, 297 (2d Cir. 1992); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 1205 (1989). Such a decision can be shown where

> in light of the duties assigned to specific officers or
> employees the need for more or different training is so
> obvious, and the inadequacy so likely to result in the
> violation of constitutional rights, that the policymakers of the
> city can reasonably be said to have been deliberately
> indifferent to the need.

*Id.* While one instance of municipal employee's illegal behavior would ordinarily not be enough to find a policy encouraged by the municipality to engage in such illegal behavior, "a single, unusually brutal or egregious beating administered by a group of municipal employees may be sufficiently out of the ordinary to warrant an inference that it was attributable to inadequate training or supervision amounting to deliberate indifference or "gross negligence" on the part of the officials in charge. *Turpin v. Mailet*, 619 F.2d 196, 202 (2d Cir. 1980); see *Owens v. Haas*, 601 F.2d 1242 (2d Cir. 1979). A municipality can be liable under Title 42 U.S.C § 1983 where "its policies are the "moving force [behind] the constitutional violation."" *City of Canton, Ohio v. Harris*, 489 U.S. 378, 379, 109 S.Ct. 1197, 1201 (1989).

Plaintiff Elden MacFarlane alleges corrections officers engaged in the regular practice of administering excessive force against pre-trial detainees and, specifically, pretrial detainees who suffered from mental illness for their own personal gain and as a method of control. Further, Plaintiff Elden MacFarlane alleges the corrections officers received no proper training, or the training was insufficient, on how to handle inmates suffering from mental illness and physical disability. The use of excessive force against inmates is a clear violation of individuals Fourth Amendment protections. The lack of proper training coupled with the regular practice of excessive force places Plaintiff Elden MacFarlane claim within the second instance where a municipality will be held liable for violating constitutional protection.

<u>Defendants' Defenses</u>

1) That plaintiff may not pursue any claim that the Court has ruled could not be included in the Second Amended Complaint.

2) That the complaint fails to state a claim upon which relief can be granted.

3) That the County of Suffolk is not, and may not be held, liable for the acts of the Suffolk County Sheriff.

4) That the damages sustained by plaintiff, if any, were caused by the plaintiff's own culpable and/or negligent conduct.

5) That the complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

6) That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

7) that no custom or usage adopted, followed, endorsed or ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

8) That the doctrines of respondeat superior and vicarious liability do not apply to a civil rights claim.

9) That municipal defendants are not liable for punitive damage awards.

10) That plaintiff has failed to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

11) That plaintiff's claims, if any, are in whole or in part, barred by the doctrines of collateral estoppel and/or res judicata.

12) That plaintiff's claims, if any, are barred in whole or in part by the statute of limitations.

13) That defendants' actions, if any, were justified by the facts and circumstances presented.

14) That the defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

9

15) That defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

16) That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

17) That in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

18) That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

19) To the extent that the complaint purports to set forth any supplemental state law claims, they are barred by the plaintiff's failure to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

20) To the extent that the complaint purports to set forth any supplemental state law claims, they are barred by the statute of limitations.

21) That this inmate claim is barred by the provisions of 42 USC § 1997.

## TRIAL

The parties demand a trial by jury. The anticipated number of trial days for Plaintiff's case is approximately 7 days.

## TRIAL BY MAGISTRATE JUDGE

All parties have not consented to trial of the case by a Magistrate Judge as of this date.

THE REST OF THIS PAGE INTENTIONALLY LEFT BLANK

10

## STIPULATED FACTS

1. Elden MacFarlane was housed at the SUFFOLK COUNTY CORRECTIONAL FACILITY on July 18, 2007.

2. Elden MacFarlane was held as a pre-trial Detainee at the SUFFOLK COUNTY CORRECTIONAL FACILITY on July 18, 2007.

## DEPOSITION DESIGNATIONS

### Plaintiff's Designations:

None at this time. However, the Plaintiff reserves the right use deposition testimonies of the Defendants and witnesses on their case in chief and for the purpose of impeachment.

### Defendants' Designations:

None at this time. However, defendants reserve their right to use any and all deposition transcripts for the purposes permitted by the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

## WITNESS LIST

### PLAINTIFF'S WITNESSES

1. Dr. Geraci:

2. George Lynn: Deputy Sheriff Investigator

3. Christopher Dean - Corrections Sgt at SC Jail;

4. Floor Sgt Badge # 198;

5. Sgt. Curcie

6. James Zahn - corrections officer

7. Frank Mele- corrections officer

8. Douglas Gilbosi - corrections officer

11

9. JIM a Social Worker at SCCF

1. SCCF Latino Correction Officer

10. Joe Middleton, Internal Affairs Investigator

11. Keith O'Halloran

12. Dr. Alexander Shasha Bardie

13. SCCF Medical Personnel RN White #148

14. Patrick Padden

15. Christopher Carlson

16. Salvator Taormina

17. Henry Smart

18. Erick Colon

19. Ervin Jimenez

20. Neil Malvone

21. Mejia Crivas

22. Leonard J. Houde

23. Robert Houston

24. Mike Palka

25. Mike Nogan

26. Tim Crevoiserat

27. Kenneth Wood

28. Michael Gindin

29. Greg Cardella (area D/1):

30. Gregory Sergeant;

31. Akbar Owens;

32. Henry Smart;

33. Walter Jacobs (Pin.122004);

34. Omar Maldinado;

35. Joseph Perry;

36. Joshua Bonea;

37. Wade Booth;

38. Josue Bonillai

39. John Velez;

40. Juan Smith;

41. Eric Brown;

42. Steve Buechemje;

43. Greg Cordella;

44. JJ Young;

45. Elton Gorhan

Defendants' Witnesses

In addition to those persons listed in plaintiff's schedule of witnesses, whom defendants reserve the right to call as witnesses whether or not called by plaintiff, defendants intend to call the following persons as witnesses:

1)      Christopher Girzadas

2)      Glenn Wubker

3)      Arthur LaFranca

4)      Michael Vansteen

5)      Michael Mazzaferro

6)      Robert Ceely

7)      Sgt. Schultz

13

8)   Robert Carlock

9)   Doreen Conway

10)  Amy Malave

11)  Helen Balchuk

12)  Alice Butkos

13)  Dr. John Feretti

14)  Dr. Ana Echenique

15)  Dr. Imperato

## EXHIBITS TO BE OFFERED AT TRIAL

### PLAINTIFF'S EXHIBIT LIST

1. Defendant's Response to Plaintiff's First (SIC) Request for the Production of Documents; (MacFarlane Pltf #2-3)

2. Defendant's Response to Plaintiff's First Request for the Production of Documents; (MacFarlane Pltf #4-6)

3. Correctional Facility Rules and Regulations; (MacFarlane Pltf #7-9)

4. Citizen's Policy and Complaint Review of Grievance #R-2008-054; (MacFarlane Pltf #10-23)---Objection on grounds of irrelevance, prejudice and confusion.

5. Grievance #R-2008-054 (MacFarane Pltf #24-25)--- Objection on grounds of irrelevance, prejudice and confusion.

6. Disciplinary Hearing Disposition Form (MacFarlane Pltf #33)

7. Suffolk County Correctional Facility Formal Investigation Form; (MacFarlanePltf #34)--- Objection on grounds of irrelevance and confusion.

8. Suffolk County Correctional Facility Investigative Findings Report; (MacFarlane Pltf #35) --- Objection on grounds of irrelevance and confusion.

9. Suffolk County Crrectional Facility Disciplinary Logbook; (MacFarlane Pltf #36-37)

10. Formal Investigation Form; (MacFarlane Pltf #38)--- Objection on grounds of irrelevance and confusion.

11. Investigative Findings Report; (MacFarlane Pltf #39)--- Objection on grounds of irrelevance and confusion.

12. Notice of Charges and Basis for Disciplinary Actions Report; (MacFarlane Pltf #40-41)

13. Incident Report From; (MacFarlane Pltf #42-47)

14. Witness Statement Form; (MacFarlane Pltf #48-50)

15. Inmate Identification Form; (MacFarlane Pltf #51)

16. Honorable Judge Hudson to Warden of Suffolk County Correctional Facility; (MacFarlane Pltf #52) )--- Objection on grounds of irrelevance and confusion.

17. Superior Court Securing Order; (MacFarlane Pltf #53)

18. Order to Remand and Produce; (MacFarlane Pltf #54-59)

19. Disciplinary Hearing Disposition and Incident Reports; (MacFarlane Pltf #60-65)

20. Grievance Form #R-2008-022; (MacFarlane Pltf #66)---Objection on grounds of irrelevance, prejudice and confusion.

21. Grievance Form #R-2008-025; (MacFarlane Pltf #67)--- Objection on grounds of irrelevance, prejudice and confusion.

22. Order to Unseal Records; (MacFarlane Pltf #68-70)

23. Grievance From #R-2007-126; (MacFarlane Pltf #71-81)--- Objection on grounds of irrelevance, prejudice and confusion.

24. Grievance Form #R-2007-122; (MacFarlane Pltf #82-88)--- Objection on grounds of irrelevance, prejudice and confusion.

25. Notice of Charges and Basis for Disciplinary Actions; (MacFarlane Pltf #89-90)

26. Grievance Form #R-2007-127; (MacFarlane Pltf #102-105)--- Objection on grounds of irrelevance, prejudice and confusion.

27. Grievance Processing Unit Decision #R-2007-126; (MacFarlane Pltf #106-110)--- Objection on grounds of irrelevance, prejudice and confusion.

28. Grievance Form #R-2007-122; (MacFarlane Pltf #111-115)--- Objection on grounds of irrelevance, prejudice and confusion.

29. Notice of Charges and Basis for Disciplinary Actions Report; (MacFarlane Pltf #116-117)

30. Citizen's Policy and Complaint Review Council Grevance #R-2007-122; (MacFarlane Pltf #118-123)--- Objection on grounds of irrelevance, prejudice and confusion.

31. Grievance From #R-2007-132; (MacFarlane Pltf #124-130)--- Objection on grounds of irrelevance, prejudice and confusion.

32. Grievance Form #R-2007-134; (MacFarlane Pltf #131-132)--- Objection on grounds of irrelevance, prejudice and confusion.

33. Suffolk County Correctional Facility Phone Call Log; (MacFarlane Pltf #133)

34. Suffolk County Sheriff's Office General Log Book; (MacFarlane Pltf #134-138)

35. Grievance #R-2007-135; (MacFarlane Pltf #139-142)--- Objection on grounds of irrelevance, prejudice and confusion.

36. Grievance #R-2007-136; (MacFarlane Pltf #143-155)--- Objection on grounds of irrelevance, prejudice and confusion.

37. Grievance #R-2007-137; (MacFarlane Pltf #156-159)--- Objection on grounds of irrelevance, prejudice and confusion.

38. Grievance #R-2007-138; (MacFarlane Pltf #160-162)--- Objection on grounds of irrelevance, prejudice and confusion.

39. Grievance #R-2007-139; (MacFarlane Pltf #163-173)--- Objection on grounds of irrelevance, prejudice and confusion.

40. Grievance #R-2007-140; (MacFarlane Pltf #174-183)--- Objection on grounds of irrelevance, prejudice and confusion.

41. Grievance #R-2007-142; (MacFarlane Pltf #184)--- Objection on grounds of irrelevance, prejudice and confusion.

42. Grievance #R-2007-146; (MacFarlane Pltf #185)--- Objection on grounds of irrelevance, prejudice and confusion.

43. Grievance #R-2007-148; (MacFarlane Pltf #186-187)--- Objection on grounds of irrelevance, prejudice and confusion.

44. Grievance #R-2007-149; (MacFarlane Pltf #188-189)--- Objection on grounds of irrelevance, prejudice and confusion.

45. Grievance #R-2007-150; (MacFarlane Pltf #190-194)--- Objection on grounds of irrelevance, prejudice and confusion.

46. Grievance #R-2007-153; (MacFarlane Pltf #195)--- Objection on grounds of irrelevance, prejudice and confusion.

47. Grievance #R-2007-152; (MacFarlane Pltf #196)--- Objection on grounds of irrelevance, prejudice and confusion.

48. Grievance #R-2007-156; (MacFarlane Pltf #197-205)--- Objection on grounds of irrelevance, prejudice and confusion.

49. Notice of Deprivation; (MacFarlane Pltf #206-207)

50. Grievance #R-2007-220; (MacFarlane Pltf # 233-234)--- Objection on grounds of irrelevance, prejudice and confusion.

51. Grievance #R-2007-124; (MacFarlane Pltf #235-243)--- Objection on grounds of irrelevance, prejudice and confusion.

52. Suffolk County Sheriff's Office General Log Book; (MacFarlane Pltf #244-246)

53. Grievance #R-2007-125; (MacFarlane Pltf #247-256)--- Objection on grounds of irrelevance, prejudice and confusion.

54. Grievance $R-2007-145; (MacFarlane Pltf #257-264)--- Objection on grounds of irrelevance, prejudice and confusion.

55. Grievance #R-2007-157; (MacFarlane Pltf #265-277)--- Objection on grounds of irrelevance, prejudice and confusion.

56. Disciplinary Profile; (MacFarlane Pltf #278-281)

57. Incarceration Audit; (MacFarlane Pltf #282)

58. Grievance #R-2007-161; (MacFarlane Pltf #283-292)--- Objection on grounds of irrelevance, prejudice and confusion.

59. Disciplinary Profile; (MacFarlane Pltf #293-297)

60. Grievance #R-2007-162; (MacFarlane Pltf #298-314)--- Objection on grounds of irrelevance, prejudice and confusion.

61. Disciplinary Audit and History; (MacFarlane Pltf #315-319)

62. Grievance #R-2007-164; (MacFarlane Pltf #320-324)--- Objection on grounds of irrelevance, prejudice and confusion.

18

63. Medical Grievance; (MacFarlane Pltf #325-333)--- Objection on grounds of irrelevance, prejudice and confusion.

64. Inmate Identification; (MacFarlane Pltf #334-336)

65. Grievance #R-2007-173; (MacFarlane Pltf #337-344)--- Objection on grounds of irrelevance, prejudice and confusion.

66. Standard Report Form September 28, 2007; (MacFarlane Pltf #345-357)

67. Order to Unseal; (MacFarlane Pltf #358-364)

68. Elden MacFarlane's letter to Steve Levy; (MacFarlane Pltf #365-368)

69. Elden MacFarlane's letter to Judge Hudson; (MacFarlane Pltf #369-386)--- Objection on grounds of irrelevance, prejudice and confusion.

70. Notice Pursuant to CPL Section 710.30 and Demand Pursuant to CPL Section 250.20; (MacFarlane Pltf #387-388)

71. Inmate Identification; (MacFarlane Pltf #389-392)

72. Incident Report Form; (MacFarlane Pltf #393-398)

73. Notice of Deprivation; (MacFarlane Pltf #399)

74. Notice of Charges and Basis for Disciplinary Actions; (MacFarlane Pltf #400-401)

75. Felony Complaint; (MacFarlane Pltf #402-406)

76. Suffolk County Sheriff's Prosecution Worksheet; (MacFarlane Pltf #407-408)

77. Notice Pursuant to CPL Section 710.30 and Demand Pursuant to CPL Section 250.20; (MacFarlane Pltf #409-410)

78. Vertical Prosecution Assignment Sheet; (MacFarlane Pltf #411)

79. Victim Notification Information; (MacFarlane Pltf #412)

80. Felony Complaint; (MacFarlane Pltf #413)

81. Elden MacFarlane's Letter to Judge Hudson; (MacFarlane Pltf #414-415)--- Objection on grounds of irrelevance, prejudice and confusion.

82. Elden MacFarlane's Letter to Mr. Lapinta; (MacFarlane Pltf #416-417)--- Objection on grounds of irrelevance, prejudice and confusion.

83. Initial Report of Criminal Cases; (MacFarlane Pltf #418)

84. Booking Data Sheet; (MacFarlane Pltf #419-420)

85. Notice of Demand to be Notified of Presentation to Grand Jury; (MacFarlane Pltf #421)

86. Notice of Prospective or Pending Grand Jury Proceeding; (MacFarlane Pltf #422)

87. Elden MacFarlane's Letter to Judge Hudson; (MacFarlane Pltf #423-424)

88. Notice of Grand Jury Proceeding; (MacFarlane Pltf #425-430)

89. Superior Court Securing Order; (MacFarlane Pltf #431-432)

90. Indictment and Prosecution Report; (MacFarlane Pltf # 433)

91. Grievance #R-2007-158; (MacFarlane Pltf #434-447)--- Objection on grounds of irrelevance, prejudice and confusion.

92. Grievance #R-2007-172; (MacFarlane Pltf #448-449)--- Objection on grounds of irrelevance, prejudice and confusion.

93. Grievance #R-2007-176; (MacFarlane Pltf #450-453)--- Objection on grounds of irrelevance, prejudice and confusion.

94. Inmate Clothing and Property Inventory; (MacFarlane Pltf #454)

95. Grievance #R-2007-209; (MacFarlane Pltf #455)--- Objection on grounds of irrelevance, prejudice and confusion.

96. Commissary Order Form; (MacFarlane Pltf #456-457)

97. Grievance #R-207-220; (MacFarlane Pltf # 458-461)--- Objection on grounds of irrelevance, prejudice and confusion.

98. Correction Officer Assignment Roster; (MacFarlane Pltf #462-465)

99. Administrative Response Grievance #R-2007-220; (MacFarlane Pltf #466-467)--- Objection on grounds of irrelevance, prejudice and confusion.

100. Grievance #R-2007-124; (MacFarlane Pltf #468-476)--- Objection on grounds of irrelevance, prejudice and confusion.

101. Suffolk County Sheriff's Office General Log Book; (MacFarlane Pltf #477-478)

102. Suffolk County Sheriff's Officer Use of Force Guidelines (MacFarlane Pltf #480) ---Objection on grounds of irrelevance, prejudice and confusion.

103. Suffolk County Sheriff's Officer Guidelines/Rules/Orders or Procedures (MacFarlane Pltf #480-508) ---Objection on grounds of irrelevance, prejudice and confusion.

104. Suffolk County Sheriff's Office Lesson Plan Cover Sheet, Mental Health Services – MA - 89 (MacFarlane Pltf #509 - 511) ---Objection on grounds of irrelevance, prejudice and confusion.

105. Suffolk County Sheriff's Office Power Point, Special Needs Inmates (MacFarlane Pltf #512 - 519) ---Objection on grounds of irrelevance, prejudice and confusion.

106. Suffolk County Sheriff's Office, Use of Force Power Point, Sheriff's Office Academy Bureau (MacFarlane Pltf #520 - 593) ---Objection on grounds of irrelevance, prejudice and confusion.

107.    Suffolk County Sheriff's Office, In-Service Training Annual Qualification, Power Point, 2014, Firearms Training Section (MacFarlane Pltf #594 - 604) ---Objection on grounds of irrelevance, prejudice and confusion.

108.    Suffolk County Sheriff's Office, Internal Affairs Section Investigators Report re: Patrick Maranzino ( MacFarlane Pltf# 605-615)---objection on grounds of irrelevance, prejudice and jury confusion.

109.    Patrick Maranzino Summons, Complaint, and attached Exhibits (MacFarlane Pltf #616-669) )---objection on grounds of irrelevance, prejudice and jury confusion.

110.    Patrick Maranzino Affidavit of service and proposed amended complaint (Pltf # 670-694) )---objection on grounds of irrelevance, prejudice and jury confusion.

111.    Suffolk County Sheriff's Office, Internal affairs report and attachements 1-24-2 re: Patrick Maranzino (MacFarlane Pltf# 695-785) )---objection on grounds of irrelevance, prejudice and jury confusion.

112.    Suffolk County Sheriff's Office General Log Book 2 East North 12/17/09 – 02/23/10 Attachment 25-25-7 (MacFarlane Pltf# 786-793)

113.    Suffolk County Sheriff's Office  General Log Book 3 EAST South 11/02/09-01/08/10 Attachment 26-(MacFarlane Pltf # 794-806)

114.    Suffolk County Sheriff's Office General Log Book, Mental Health/Dental 10/03/09-01/06/10 attachment 27-6 – 27-8 (MacFarlane Pltf# 807-809)

115.    Suffolk County Sheriff's Office Interrogation guide and Internal affairs notes Re: Inmate Aubrey Hodge, Officer Gubitosi and Mele (MacFarlane Pltf# 810-840) )---objection on grounds of irrelevance, prejudice and jury confusion.

116.    Aubrey Hodge Notice of Claim (MacFarlane Pltf# 841-842) )---objection on grounds of irrelevance, prejudice and jury confusion.

117.    Suffolk County Sheriff's Office  Internal Affairs investigation Re: Aubrey Hodge incident (MacFarlane Pltf# 843-889) )---objection on grounds of irrelevance, prejudice and jury confusion.

118.    Suffolk County Sheriff's Office  General Log Book 2nd floor lobby 12/05/06 – 12/06/06 (MacFarlane Pltf# 890-895)

119.    Suffolk County Sheriff's Office  General Log Book 2 East North 12/04/06 – 01/26/07 (MacFarlane Pltf#896-

120.    Suffolk County Sheriff's Office  Internal Affairs investigation Re; Justin Cooper (Mentally ill inmate) incident (MacFarlane Pltf# 897-1049) )---objection on grounds of irrelevance, prejudice and jury confusion.

121.    Suffolk County Sheriffs Office Internal Affairs investigation report and attachements Re: Inmate Asareel Yisrael (MacFarlane Pltf# 1050-1204) )---objection on grounds of irrelevance, prejudice and jury confusion.

<u>Defendants' Exhibits</u>

In addition to the items listed in plaintiff's list of exhibits, which defendants reserve the right to move into evidence if not offered by plaintiff, defendants intend to move the following items in evidence, either in whole or in part:

A.    plaintiff's Suffolk County Correctional Facility medical chart.

B.    plaintiff's New York Department of Corrections medical chart.

C.    plaintiff's Peconic Bay Medical Center medical chart.

D.    file of Suffolk County Sheriff's Office Internal Affairs investigation into plaintiff's allegations; Objection on grounds of irrelevance, prejudice and confusion.

E.      plaintiff's Suffolk County Correctional facility grievance file; Objection on grounds of irrelevance, prejudice and confusion.

F.      Plaintiff's Suffolk County Correctional Facility disciplinary file; Objection on grounds of irrelevance, prejudice and confusion.

G.      Certificate of plaintiff's conviction – objection, relevance and F.R.E. 403 as this material is made to inflame the jury (Plaintiff was a pretrial detainee with the presumption of innocence).

24

Dated:      Huntington, New York
            November 5, 2018


LAW OFFICES OF CORY H. MORRIS

BY CORY H. MORRIS
*Attorney for Plaintiff*
33 Walt Whitman Road
Dix Hills, New York 11746
Telephone: (631) 450-2515
Fax: (631) 223-7377
E-mail: info@coryhmorris.com

DENNIS M. BROWN,
SUFFOLK COUNTY ATTORNEY

By **Arlene S. Zwilling, Esq.**
*Attorney for Defendants: Suffolk County*
*Correctional Facility*
Suffolk County Attorney's Office
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788
Telephone: (631) 853-4049
Fax: (631) 853-5169