UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ELDEN MACFARLANE,

                        Plaintiff,                              **ORDER**
                                                          CV 10-2877 (MKB)(ARL)

           -against-

CHARLES EWALD, *et al.*,

                        Defendants.
----------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the Court is Plaintiff's letter motion seeking to compel the production of "all complaints about individual corrections officers employed at the Suffolk County Jail during the period Elden MacFarlane was incarcerated" as well as "any and all reports of investigations concerning the operation of the incarcerated awaiting trial, regardless of who or what entity might have conducted such investigation." ECF No. 180. Defendants have responded to that motion. ECF No. 181. For the reasons set forth below, Plaintiff's motion is denied.

      The parties appeared before this Court for a hearing on Plaintiff's motion to compel on August 28, 2018. At that time, Defendants were directed to produce the named Defendants' personnel files to the Court for an *in camera* review. The files were provided to the Court on September 17, 2018 on a disk. Following a review of the documents provided by Defendants, the personnel files, including any complaints against the Individual Defendants were provided to Plaintiff. ECF No. 153. Significantly, no responsive documents were withheld from production on the basis of New York Civil Rights Law § 50-a. At that same conference, the Court noted that discovery in the matter was closed. *See* ECF No. 152 at p. 10.

      Plaintiff now seeks to reopen discovery to require Defendants' to produce "all complaints about individual corrections officers employed at the Suffolk County Jail during the period Elden MacFarlane was incarcerated" as well as "any and all reports of investigations concerning the

operation of the incarcerated awaiting trial, regardless of who or what entity might have conducted such investigation." ECF No. 180. Plaintiff's sole justification for reopening discovery is the repeal of New York Civil Rights Law § 50-a. However, as noted by Defendants, "New York State law does not govern discoverability and confidentiality in federal civil rights actions." *Edwards v. Nassau County Correctional Center*, 13 Civ. 4345, 2022 WL 22736, at *4 (E.D.N.Y. 2022), quoting *King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y. 1988); *see also Marhone v. Smith*, 16 Civ. 4733 (NSR)(AEK), 2021 U.S. Dist. LEXIS 27042, 2021 WL 533509 (S.D.N.Y. Feb. 11, 2021). Indeed, "[u]nder federal law, there is no confidentiality privilege afforded to police records as there is under New York Civil Rights Law Section 50-a." *Naples v. Stefanelli*, No. CV 12-4460 (GRB) (AYS), 2020 U.S. Dist. LEXIS 175872, at * 5, 2020 WL 5708717 (E.D.N.Y. Sep. 24, 2020) (citing *King*, 121 F.R.D. at 187). "In the context of a civil rights action asserted against police officers, no federal rule prohibits discovery of police personnel documents." *McKenna v. Inc. Vill. Of Northport*, No. 06 CV 2895, 2007 U.S. Dist. LEXIS 50934, 2007 WL 2071603, at *7 (E.D.N.Y. July 13, 2007) (citing *King*, 121 F.R.D. at 187). Here, as noted, the personnel files of the Individual Defendants were in fact produced and as such the repeal of Section 50-a has no bearing on this matter.

Plaintiff's most recent request seeks to expand the scope of discovery well beyond the personnel files of the individually named defendants, seeking the production of all complaints about any individual corrections officers employed at the Suffolk County Jail and all reports of investigations concerning the operation of the incarcerated awaiting trial. Plaintiff sole argument in support of reopening discovery is the repeal of Section 50-a. "Where, as here, a scheduling order has been entered by the Court . . . the court-ordered schedule 'may be modified only for good cause and with the judge's consent.'" *Baburam v. Federal Express Corp.*, 318 F.R.D. 5, 7 (E.D.N.Y. 2016) (quoting Fed. R. Civ. P. 16(b)(4)). "A party seeking to reopen discovery bears the burden of establishing good cause and discovery should not be extended when there was

ample opportunity to pursue the evidence during discovery." *Spencer v. Int'l Shoppes, Inc.*, No. CV 06-2637 (AKT), 2011 U.S. Dist. LEXIS 91281, 2011 WL 3625582, at *1 (E.D.N.Y. Aug. 16, 2011).  Because Plaintiff was free to pursue the discovery sought in this belated motion prior to the close of discovery, the repeal of Section 50-a does not provide a basis to reopen discovery at this late date. *See Gotlin v. Lederman*, 04-CV-3736, 2009 U.S. Dist. LEXIS 78818, 2009 WL 2843380, at *6 (E.D.N.Y. Sept. 1, 2009) ("absent a sufficient justification for the movant's delay, the Court should decline to grant an application to reopen discovery").

Even if Plaintiff's requests were timely, the Court would not compel compliance with such requests because Plaintiff's requests are overly broad.  Federal Rule of Civil Procedure 26(b)(1) governs discoverability in this civil rights action. *See Edwards v. Nassau Cnty. Corr. Ctr.*, 13-CV-4345 (JS) (JMW), 2022 U.S. Dist. LEXIS 422, 2022 WL 22736, at *5 (E.D.N.Y. Jan. 3, 2022)(citing *Saaverdra v. City of N.Y,* 19 Civ. 7491 (JPC), 2021 U.S. Dist. LEXIS 5752, 2021 WL 104057, at *2 (S.D.N.Y. Jan. 12, 2021) (holding that plaintiff was entitled to portions of officers' disciplinary histories that involved allegations similar to those in complaint based on Rule 26(b)(1), and finding that repeal of § 50-a, a state law, did not affect such determination). Under Rule 26, Plaintiff's access to discovery is broad, but not unlimited and the discovery sought here by Plaintiff is not proportional to the needs of the case. *See, e.g., Woodward v. Afify,* 14-CV-856, 2017 U.S. Dist. LEXIS 9065, 2017 WL 279555, at *4 (W.D.N.Y. Jan. 19, 2017) ("Disciplinary action taken against officers who are not defendants in this matter, in regard to an incident that did not involve plaintiff, is not likely to lead to the discovery of admissible, or even relevant, evidence").

Accordingly, Plaintiff's motion is denied.


Dated: Central Islip, New York                    **SO ORDERED:**
       September 20, 2022


                                          _____/s_____
                                          ARLENE R. LINDSAY
                                          United States Magistrate Judge