UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X     Case No. 10-cv-02877
ELDEN MACFARLANE,                                                                   (MKB)(ARL)

                                             Plaintiff,

                -against-

Charles Ewald, et al.,                                                              **DEFENDANTS'**
SUFFOLK COUNTY, SUFFOLK COUNTY SHERIFF'S                                             **PROPOSED JURY**
OFFICE, SUFFOLK COUNTY CORRECTIONS OFFICER                                           **INSTRUCTIONS**
CHRISTOPHER DEAN in his official and individual capacities,
SUFFOLK COUNTY CORRECTIONS OFFICER FRANK
MELE in his official and individual capacities, SUFFOLK
COUNTY CORRECTIONS OFFICERJAMES ZAHN in his
official and individual capacities, SUFFOLK COUNTY
CORRECTIONS OFFICER GEORGE LYNN in his official
and individual capacities, and SUFFOLK COUNTY
CORRECTIONS OFFICER DOUGLAS GUBITOSI in his
official and individual capacities,

                                             Defendants.
------------------------------------------------------------------------------X

   Pursuant to Rule 51 of the Federal Rules of Civil Procedure, defendants submit the within

proposed instructions for presentation to the jury at the close of this case.  The defendants

respectfully request that they be permitted to supplement or modify these proposed instructions

as may be necessary or appropriate after submission of all evidence or during conference with

this Court.

Dated: Smithtown, New York
   November 14, 2022

          Respectfully submitted,

          DEVITT SPELLMAN BARRETT, LLP

          By:   */s/ Jack Shields*
            Jack Shields, Esq.
            Attorneys for Defendants
            50 Route 111
            Smithtown, New York 11787
            (631) 724-8833

## **42 U.S.C. § 1983**

The law to be applied in this case is the federal civil rights law which provides a remedy for individuals who have been deprived of their constitutional rights under color of state law.

§ 1983 of Title 42 of the United States Code states:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
> (Instruction 87-65)

Section 1983 creates a federal remedy for persons who have been deprived by state officials (or any person acting under colors of state law) of rights, privileges, and immunities secured by the United States Constitution and Federal Statutes.

(Instruction 87-66)

## **BURDEN OF PROOF**

I shall shortly instruct you on the elements of plaintiff's § 1983 claims.

The plaintiff has the burden of proving each and every element of her § 1983 claims by a preponderance of the evidence.  To prove an assertion by a preponderance of the evidence means proving that it is more likely true than not true.  If you find that any one of the elements of plaintiff's § 1983 claims has not been proven by a preponderance of the evidence, you must return a verdict for the defendant.

(Instruction 87-67)

## **ELEMENTS OF A § 1983 CLAIM**

To establish a claim under § 1983, the plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

2

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

I shall now examine each of the three elements in greater detail.

(Instruction 87-68)

## DEFINITION – ACTION UNDER STATE LAW

The first element of the plaintiff's claims is that the defendant acted under color of state law. The phrase "under color of state law" is a shorthand reference to the words of § 1983, which includes within its scope action taken under color of any statute, ordinance, regulation, custom or usage, of any state. The term "state" encompasses any political subdivision of a state, such as a county or city, and also any state agencies or county or city agency.

Action under color of state law means action that is made possible only because the actor claims to be acing pursuant to authority given to him by the state, even if he is misusing that authority.

§ 1983 forbids action taken under color of state law where the actor misuses power that he possesses by virtue of state law. What is important is that the defendant was clothed with the authority of state law, and that the defendant's actions were made possible by virtue of state law.

(Instruction 87-69)

There is no dispute in this case that during the event at issue here, the defendants were acting under color of state law and in their capacity as corrections officers of the County of Suffolk.  Therefore, you need not concern yourself with that element of plaintiff's case.

(Instruction 87-70, Instruction 87-72).

## DEPRIVATION OF A FEDERAL RIGHT

The second element of plaintiff's claim is that he was deprived of a federal right by the defendant.  In order for the plaintiff to establish the second element, he must show by a preponderance of the evidence that: (1) the defendant committed the acts alleged by the plaintiff; (2) that those acts caused the plaintiff to suffer the loss of a federal right; and (3) that in performing the acts alleged, the defendant acted intentionally or recklessly.

(Instruction 87-74)

## PROXIMATE CAUSE – GENERALLY

The third element which plaintiff must prove is that the defendant's acts were the proximate cause of the injuries sustained by the plaintiff.  Proximate cause means that there must be a sufficient causal connection between the acts of the defendant and any injury or damage sustained by the plaintiff.  An act is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's acts or omissions.  If an injury was a direct result or a reasonably probable consequence of a defendant's act, it was proximately caused by such act or omission. In other words, if a defendant's act had such an effect in producing the injury that a reasonable person would regard it as being a cause of the injury, then the act or omission is a proximate cause.

For an alleged injury to be proximately caused by a person's actions, it must be a substantial factor in bringing about that injury and if the injury was a reasonably foreseeable consequence of the defendant's act.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendant. If you find that the defendant has proved, by a preponderance of the evidence, that the plaintiff's complaint about an injury which would have occurred even in the absence of the defendant's conduct, you must find that the defendant did not proximately cause plaintiffs' injury.

A proximate cause need not always be the nearest cause either in time or in space.  In addition, there may be more than one proximate cause of an injury or damage.  Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

(Instruction 87-79) (Instruction 87-79(A))

### DEFENDANT'S STATE OF MIND UNDER SECTION 1983

I instruct you that, to establish a claim under Section 1983, the plaintiff must show that the defendant acted intentionally or recklessly.  If you find that the acts of the defendant were merely negligent, then, even if you find that plaintiff was injured as a result of those acts, you must return a verdict for the defendant with respect to plaintiff's Section 1983 claim. *See* Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Davidson v. Cannon, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).

An act is intentional if it is done knowingly, that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason.  In determining whether a defendant acted with the requisite knowledge, you should remember that

while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.  Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief and disbelief with respect to those facts.

(Instruction 87-77)

An act is reckless if done in conscious disregard of its known probable consequences.  In determining whether the defendant acted with the requisite recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.  Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

(Instruction 87-77)

## **EXCESSIVE FORCE**

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force. In other words, a law enforcement official may only employ the amount of force reasonably necessary under the circumstances.

In order to prove a claim of excessive force the plaintiff must prove, by a preponderance of the evidence, three basic elements:

First:   That defendant officer actually used force against the plaintiff making the claim;

Second: That defendant officer's conduct constituted excessive force as I shall define that term for you; and

Third: That defendant officer's conduct was the proximate cause of injury and consequent damage to the plaintiff as she has claimed.

I have already explained what it means to say that a person acted knowingly and what must be shown to establish that defendants' actions were the proximate cause of plaintiff's injuries.

I will now instruct you on the claim of excessive force.

Plaintiff has claimed that the defendant officer used excessive force against him.  The defendant officer admits to contact with the plaintiff, denies that he used excessive force, and states that this contact with plaintiff was necessitated by the course of conduct he engaged in, during the officers' attempt to secure the area to transport a suicidal individual.

With respect to excessive force, I instruct you that not every push or shove, even if it may later seem unnecessary, violates the Constitution.  Reasonableness must embody the fact that police officers are often forced to make split second judgments in circumstances that are tense, uncertain and rapidly evolving about the amount of force that is necessary. *See* Graham v. Connor, 109 S.Ct. 1965, cert denied, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973); Miller v. Lovett, 879 F.2d 1066 (1989).

In determining reasonableness, you should pay attention to the facts and circumstances of the case at the time the incident was occurring, including the following:

1.      whether plaintiff or other circumstances created an immediate threat to the safety of the officers or others;

2.      whether plaintiff was actively resisting or attempting to evade compliance of a law enforcement officer;

3.      the total circumstances of events surrounding the incident.

(Instruction 87-74(c)).

In evaluating the reasonableness of the force which was used, if any, you must remember that a police officer is not prohibited from using physical force. To the contrary, the Penal Law of the State of New York specifically provides as follows:

> … A police officer or a peace officer, in the course of effecting or attempting to effect an arrest, or of preventing or attempting to prevent the escape from custody, of a person whom he reasonably believes to have committed an offense, may use physical force when and to the extent he reasonably believes such to be necessary to effect the arrest, or to prevent the escape from custody, or to defend himself or a third person from what he reasonably believes to be the use or imminent use of physical force…
>
> Penal Law §35.30(1). (McKinney 2007)

Whether the force used is constitutionally unreasonable depends upon the factual circumstances of the case. To determine whether any force used was reasonable, you may also consider the following factors: the scope of the particular infraction; the manner in which it is conducted; the justification for initiating it, if it was used at all; and the place in which it is conducted. Using these factors, you must determine whether it was objectively reasonable for the defendant under the totality of the circumstances, to engage in the conduct he did on the day of the plaintiff's restraint. See, Tennessee v. Garner, 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d (1985); Lester v. City of Chicago, 830 F.2d 706 (7th Cir. 1987); Gilmore v. City of Atlanta, 774 F.2d 1494 (11th Cir. 1985); Kidd v. O'Neil, 774 F.2d 1252 (4th Cir. 1985).

If you find that the defendant was merely negligent, or merely acted with a lack of due care, or that you might not have used force in the same situation, there can be no recovery for the plaintiff because negligence or lack of due care do not establish a constitutional deprivation, and the standard is not governed by your own personal preferences.

If plaintiff proves: (1) that the defendant used excessive force against the plaintiff; (2) the defendant did so intentionally or recklessly; and (3) that the excessive force proximately caused injury to the plaintiff then you find the defendant "liable".

(Instruction 87-79(A))

## **QUALIFIED IMMUNITY**

At the time of the incident giving rise to this lawsuit, it was established law that pursuant to the Fourth Amendment a citizen has a right to be free from excessive use of force while being restrained. However, even if you find that the officer violated the Fourth Amendment in restraining the plaintiff, he still may not be liable to the plaintiff. This is because the defendant may be entitled to what is called "qualified immunity". If you find that he is entitled to qualified immunity, you must find him not liable. (Instruction 87-86).

Officer Mele is entitled to qualified immunity if, at the time he violated the Fourth Amendment, he neither knew nor reasonably should have known that his actions violated federal law. The doctrine of qualified immunity shields law enforcement officers from liability for damages where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known", Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), or where it was objectively reasonable for them to believe that their acts did not violate those rights.  Anderson v. Creighton, 483 U.S. 635, 638, 107 S.Ct. 3034, 97 L.Ed. 523 (1987); Malley v. Briggs, 475 U.S. 334, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986).

Excessive force claims are judged under the Fourth Amendments "objective reasonableness" standard. Brosseau v. Haugen, 543 U.S. 194, 197-198, 125 S.Ct. 596, 598, 160 L.E.2d 583 (2004). As such, the question is whether Officer Mele's actions are objectively

reasonable in light of the facts and circumstances confronting him, without regard to his underlying motivation. <u>McLaurin v. New Rochelle</u>, 373 F.Supp.2d 385, 392 (S.D.N.Y. 2005) *citing* <u>Scott v. United States</u>, 436 U.S. 128, 137-139, 98 S.Ct. 1717, 1723-1724, 56 L.E.2d 168 (1978).

In deciding what an objectively reasonable officer would have known about the legality of his conduct, you may consider the nature of his official duties, the character of his official position, the information that was or was not known to him, and the events that confronted him.

The defendant has the burden of proving that it was objectively reasonable for him to believe his actions did not violate plaintiff's rights. If the defendant convinces you by a preponderance of the evidence that it was objectively reasonable for Officer Mele to believe his action did not violate plaintiff's rights, then you must return a verdict for the defendant, even though you may have otherwise found that the defendant in fact violated the plaintiff's rights under color of state law.

(Instruction 87-86).

## <u>COMPENSATORY DAMAGES</u>

If the plaintiff has proved all three essential elements of his Section 1983 claim, then you must award her a sum of money that you believe will fairly and justly compensate him for any injury you believe he actually sustained as a proximate result of the defendant's misconduct.

You shall award damages only for those injuries that you find plaintiff has proven by a preponderance of the evidence.  Moreover, you may not simply award damages for ***any*** injury suffered by plaintiff – you must award damages only for those injuries that are a proximate result of the conduct by the defendants that violated plaintiff's federal rights under color of law.

Compensatory damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial.

(Instruction 87-87)

## **NOMINAL DAMAGES**

If you return a verdict for the plaintiff, but find that the plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you must return an award of damages in the sum of one dollar, evidence that liability has been proved.

Dated: Smithtown, New York
          November 14, 2022

Respectfully submitted,

DEVITT SPELLMAN BARRETT, LLP

By: _____*/s/ Jack Shields*_____
          Jack Shields, Esq.
          Attorneys for Defendants
          50 Route 111, Suite 314
          Smithtown, New York 11787
          (631) 724-8833